**STATE of Texas, Appellant,**

v.

**Mary Lanier COLEMAN, Appellee.**

**No. 01–88–00186–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 31, 1988.

Discretionary Review Refused
Dec. 14, 1988.

Ronald A. Monshaugen, Houston, for appellant.

John B. Holmes, Dist. Atty., Harris County, Cathy Herasimchuk, Asst. Dist. Atty., for appellee.

Before WARREN, LEVY and DUGGAN, JJ.

OPINION

DUGGAN, Justice.

Pursuant to the provisions of Tex.Code Crim.P.Ann. art. 44.01(a)(1) (Vernon Supp. 1988), the State of Texas appeals from the order of the county criminal court at law quashing the information that charged appellee, Mary Lanier Coleman, with the violation of the City of Houston's ordinance regulating sexually oriented businesses. Houston, Tex., Code § 28–122 (1986) ("the ordinance").

The City of Houston's municipal courts are courts of record, Tex.Gov't Code Ann. § 30.262–.278 (Vernon Pamp.1988), and would generally have exclusive original jurisdiction over matters arising under municipal ordinances within that city. However, a municipal court's jurisdiction in criminal cases is restricted to offenses punishable by money fine only. Tex.Gov't Code Ann. § 29.003(a) (Vernon Pamp.1988). Class B misdemeanor punishment, consisting of a fine not to exceed $1,000, or confinement in jail for a term not to exceed 180 days, or both such fine and imprisonment, is established by Tex.Local Gov't Code Ann. § 243.008(b) (Vernon Pamp.1988) for all criminal offenses resulting from violation of municipal ordinances regulating sexually oriented businesses and enacted under the authority of § 243.001–.009, as is the offense here in question. Hence, the original jurisdiction for this offense charging the violation of a municipal ordinance is vested in the county court at law.

The provision of the ordinance that appellee was alleged to have violated provides:

(a) [i]t shall be unlawful for any person to own, operate or conduct any business in an enterprise located within the city unless there is a permit for the enterprise.

Sec. 28–122.

"Enterprise" is defined as:

An adult cabaret, adult encounter parlor, adult lounge, adult modeling studio, or any establishment whose major business is the offering to customers of a product or service which is intended to provide sexual stimulation or sexual gratification to such customers, and which is distinguished by or characterized by an emphasis on matter depicting, describing or relating to specified sexual activities or specified anatomical areas.

Sec. 28–121.

The ordinance also contains five ways in which the State may prove that a defendant was "conducting any business in an enterprise":

Any person who does any one or more of the following shall be deemed to be conducting business in an enterprise:

(1) Operates a cash register, cash drawer or other depository on the enterprise premises where cash funds or records of credit card or other credit transactions generated in any manner by the operation of the establishment or the activities conducted therein are kept;

(2) Displays or takes orders from any customer for any merchandise, goods, entertainment or other services offered on the enterprise premises;

(3) Delivers or provides to any customer any merchandise, goods, entertainment or other services offered on the enterprise premises;

(4) Acts as a door attendant to regulate entry of customers or other persons into the enterprise premises; or

(5) Supervises or manages other persons in the performance of any of the foregoing activities on the enterprise premises.

*Id.*

The ordinance also provides definitions of "specified sexual activities" and "specified anatomical areas," which are not relevant to this appeal.

The information alleged that on January 7, 1988 appellee did intentionally and knowingly deliver and provide to a customer, namely, J. Verastigui, merchandise, goods and entertainment offered on the enterprise premises in a sexually oriented commercial enterprise, namely, an adult lounge, located within the corporate limits of the City of Houston at 3627 Hillcroft, and said adult lounge did not have a permit secured from the Chief of Police or his designated Director as required by Section 28–122(a) of the Houston City Ordinance governing sexually oriented businesses.

Thus, appellee was charged with "conducting business" under the third variant among the five defined means of doing so. Relevant to this variant is the definition of "entertainment," found at section 28–121, which is:

Any act or performance, such as a play, skit, reading, review, pantomime, scene, song, dance, musical rendition or striptease, whether performed by employees, agents, contractors, or customers. The term "entertainment" shall also mean bartenders, waiters, waitresses, or other employees exposing specified anatomical areas or engaging in specified sexual activities in the presence of customers.

The trial court granted appellee's motion to quash and dismissed the case on the grounds that the information failed to allege a description of the "goods, merchandise, or entertainment" that appellant provided or delivered.

In a charging instrument, the State is not required to plead the evidence it will reply upon, but must allege facts sufficient to give the accused adequate notice of those facts or acts that the defendant must know in order to prepare his defense. *Thomas v. State,* 621 S.W.2d 158 (Tex. Crim.App.1981) (op. on reh'g); *Haecker v.*

*State,* 571 S.W.2d 920 (Tex.Crim.App.1978); Tex.Code Crim.P.Ann. arts. 21.04, 21.11, 21.23 (Vernon 1966). A charging instrument that tracks the statutory language of the offense is generally sufficient. *Moreno v. State,* 721 S.W.2d 295, 300 (Tex.Crim.App.1986). When a term is defined in a statute, it is essentially evidentiary and need not be further alleged in the charging instrument. *Garcia v. State,* 747 S.W.2d 379 (Tex.Crim.App.1988). However, if the definition provides for more than one manner or means to commit the act or omission that is the gravamen of the offense, the State must allege, upon timely request, the definition that it intends to rely upon to prove the commission of the offense. *Lewis v. State,* 659 S.W.2d 429 (Tex.Crim.App. 1983). We must determine, on the one hand, whether the further definition of "goods, merchandise or entertainment" is necessary to apprise the appellee of the manner and means by which she is alleged to have committed the act or omission that is the gravamen of the offense, and must be pled, or, on the other hand, whether such definition is essentially evidentiary and need not be pled.

In this case, the proscribed act that is the gravamen of the offense is "conducting business in an enterprise" that has not obtained a permit in compliance with the ordinance. The ordinance lists five ways in which one may commit the act of "conducting business in an enterprise." The State pled the third variant of "conducting business," and thereby notified appellee of the manner and means by which it intended to prove that she committed the act: by showing that she delivered or provided the named customer merchandise, or goods, or entertainment on the enterprise premises.

We hold that the further definition of the terms "merchandise, goods, and entertainment" in the information is not required because it is essentially evidentiary. Although "goods" and "merchandise" are not defined in the ordinance, the lack of an allegation pleading the specific item "delivered" or "provided" does not hinder a defendant's preparation for trial. The commission of an offense under the third variant of the ordinance is not dependent on the delivery or providing of any particular type of goods or merchandise. Proof that an accused delivered or provided *any* item of "merchandise" or "goods" will suffice. Further, as set out above, "entertainment" is defined in the ordinance to show the type of evidence that the State may rely upon to prove its case. *See McGinty v. State,* 740 S.W.2d 475 (Tex.App.—Houston [1st Dist.] 1987, no pet.) (variant definitions of "intoxication" are essentially evidentiary and merely specify the different types of evidence that the State may rely upon to prove "intoxication"). The recent decision in *State v. Alaniz,* 754 S.W.2d 406 (Tex. App.—Corpus Christi, 1988, no pet.), held that it was not necessary to further describe the terms "drug" and "controlled substance" in an information since they do not describe an act or omission of the defendant. We find that the State was not required to plead allegations elaborating on the terms "goods, merchandise, or entertainment," and that the trial court erred in quashing the information on that ground.

The State's sole point of error is sustained.

The order of the trial court quashing the information is reversed, the information is reinstated, and the case is remanded to the trial court.