The STATE of Texas, Appellant,

v.

Tracy DEMARET, Appellee.

No. 3–88–226–CR.

Court of Appeals of Texas,
Austin.

Jan. 18, 1989.

Alias Moses, Asst. County Atty., Austin, for appellant.

Randy Leavitt, Minton, Burton, Foster & Collins, Austin, for appellee.

Before SHANNON, C.J., and CARROLL and JONES, JJ.

SHANNON, Chief Justice.

Appellee has filed a motion to dismiss this appeal by the State of an order suppressing evidence. Tex.Code Cr.P.Ann. art. 44.01(a)(5) (Supp.1989). The motion raises the question whether this Court's general authority to extend the time for filing notice of appeal, Tex.R.App.P.Ann. 41(b)(2) (Supp.1988),[1] may be exercised in such an appeal by the State.

Until November 1987, the State had no right to appeal in a criminal cause. In that month, the voters amended Article V, Section 26 of the Texas Constitution to read as follows:

> The State is entitled to appeal in criminal cases, as authorized by general law.

Article 44.01 was amended to implement this constitutional change. Among other things, art. 44.01 provides:

> (a) The state is entitled to appeal an order of a court in a criminal case if the order:
>
> .    .    .    .    .
>
> (5) grants a motion to suppress evidence. . . .
>
> (d) The prosecuting attorney may not make an appeal under Subsection (a) or (b) of this article later than the 15th day after the date on which the order, ruling, or sentence to be appealed is entered by the court.

Appellee argues that, in an appeal pursuant to art. 44.01(a), the time for filing notice of appeal may not be extended beyond the fifteenth day following the appealable order.

The State argues, and we agree, that the Rules of Appellate Procedure are generally applicable to appeals by the State. Tex.R.App.P.Ann. 1 (Supp.1988).

---

1. Rule 41(b)(2) reads: An extension of time for filing notice of appeal may be granted by the court of appeals if such notice is filed within fifteen days after the last day allowed and with-in the same period a motion is filed in the court of appeals reasonably explaining the need for such extension.

However, the rules were not intended and may not be employed to enlarge the substantive rights of the litigants. *See* 1985 Tex.Gen.Laws, ch. 685, § 1, at 2472 (rules of appellate procedure in criminal cases may not abridge, enlarge, or modify the substantive rights of a litigant). In our view, art. 44.01(d) does more than merely prescribe a procedural deadline for filing the State's notice of appeal. Rather, it limits the State's substantive authority to appeal.

The authority of any public official to act must always be determined by the law under which he purports to act. *Hager v. State ex rel. TeVault,* 446 S.W.2d 43, 51 (Tex.Civ.App.1969, writ ref. n.r.e.). The authority of a prosecuting attorney to appeal in a criminal case is determined by art. 44.01, which in subsec. (a)(5) authorizes an appeal from an order granting a motion to suppress evidence. However, this grant of authority is limited by art. 44.01(d) to the fifteen-day period following entry of the order. On the sixteenth day, the State's authority to appeal under the statute ceases to exist, and this Court may not revive that right by application of Rule 41(b)(2).

The order appealed from in this cause was entered October 19, 1988. Therefore, the State's authority to appeal this order extended to November 3. No notice of appeal was filed on or before the date, but the State, relying on Rule 41(b)(2), filed notice of appeal on November 10 while at the same time filing in this Court a motion to extend time for filing notice of appeal. Also relying on this rule, this Court granted the State's motion.

For the reasons stated, we now find that this Court erred in granting the State's motion to extend time for filing notice of appeal. We further find that the State did not perfect appeal before its right to appeal expired, and therefore order the appeal dismissed.