The STATE of Texas, Appellant,

v.

Dorman R. McKINNEY, Appellee.

Nos. C14–90–453–CR, C14–90–456–CR and C14–90–459–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 13, 1990.

Bruce V. Griffiths, Houston, for appellant.

Cathleen C. Herasimchuk, Richmond, for appellee.

Before MURPHY, CANNON and ELLIS, JJ.

OPINION

ELLIS, Justice.

The State of Texas, appellant in this case, appeals from three orders granting motions to quash three complaints in the County Court at Law No. 2 of Fort Bend

County. These orders granted appellee's motions to quash and dismissed the complaints in each cause. Each of the complaints were appealed by trial de novo from pleas of no contest and misdemeanor convictions for disorderly conduct in the Municipal Court of the city of Rosenberg, Fort Bend County, Texas.

In its sole point of error, the State argues that the trial court abused its discretion in finding TEX.PENAL CODE ANN. art. 42.01(a)(2) (Vernon's 1989) unconstitutionally overbroad as applied to appellee in the absence of facts to support such findings. Appellee raises three reply points. In his first reply point, he contends that this court lacks jurisdiction to hear these appeals as the county court did not assess a fine and the constitutionality of the statute is not the sole issue of the appeal. In his second reply point, he argues that the State of Texas lacks the power to appeal this case as more than 15 days expired before the State filed its notices of appeal. In his third reply point, he asserts that the trial court properly dismissed the complaints below as they were an attempt to prosecute constitutionally protected speech and therefore failed to allege an offense for which appellee could be constitutionally prosecuted.

Dorman McKinney was charged, in three separate, but identical, complaints originally filed in the Municipal Court of Rosenberg, Texas with the offense of disorderly conduct as denounced by Texas Penal Code, § 42.01(a)(2) (Vernon 1989) which reads:

§ 42.01  Disorderly Conduct

(a) A person commits an offense if he intentionally or knowingly: ...

(2) makes an offensive gesture or display in a public place, and the gesture or display tends to incite an immediate breach of the peace.

Each of the complaints plead the following allegations:

Dorman R. McKinney did knowingly and intentionally in the City of Rosenberg, to wit: on a public street in the 1000 block of Fourth Street directly across the street from the Rosenberg Fire Department.

make an offensive display, to wit: by means of a sign which read as follows: "Ms Carden Fat Cows Cowardly Dogs at 1st Baptist Rosenberg 1st Corinthians 10:7 to 11 God says Ezkie 16:24–25 your church is a brothel where you idolatrous whoremongers spread your legs and whore after Gods That Are Idols Your Lust So Bad and burning Ezekiel 23:19–20 You Go after the Ones That Have Genitals Like a Donkey and Emission Like a Stallion Repent Stop Lying About God and Bible, You Dogs Turn That Brothel Into a Public Outhouse II Kings 10:27." and said display tended to incite an immediate breach of the peace.

Each of the complaints alleges December 11, 1989 as the date of offense. Each complaint was signed by three different complainants, Jim Murphy, Jay Shepard and Ray Placette.

On December 28, 1989, McKinney plead no contest to all three of the charges and was assessed fines and costs of $219.00 on each. He then perfected appeals to the County Court at Law No. 2 of Fort Bend County, Texas.

In the county court at law, McKinney filed identical motions to quash the complaints with supporting legal memoranda. After hearing oral argument on the motions to quash, the court granted the motion entering an order in each case directing that "the judgment of the Municipal Court of Rosenberg, Texas is hereby REVERSED and this prosecution is ordered DISMISSED." It is from these orders that the State of Texas attempts to perfect an appeal.

In his first reply point appellee, McKinney, contends that this court lacks jurisdiction to hear this appeal as the county court did not assess a fine exceeding $100.00 and the sole issue of the appeal is not the constitutionality of the statute. Appellee bases his argument on art. 4.03 Texas Code of Criminal Procedure: (Vernon Supp. 1991).

The Court of Appeals shall have appellate jurisdiction coextensive with the lim-

its of their respective districts in all criminal cases except those in which the death penalty has been assessed.

This Article shall not be so construed as to embrace any case which has been appealed from any inferior court to the county court, the county criminal court, or county court at Law, in which the fine imposed by the county court, county criminal court or the county court at law does not exceed one hundred dollars, unless the sole issue is the constitutionality of the statute or ordinance on which the conviction is based.

■ Appellee's contention is mistaken in that art. 44.01(a)(1) of the Texas Code of Criminal Procedure (Vernon Supp.1991) permits the State to appeal the granting of any dismissal of an indictment, information or complaint. Furthermore, art. 4.03 does not apply in this case. The second part of the statute limits appeals when a fine of less than $100 is imposed. In the instant case, no fine has been imposed and if this case is remanded there is no guarantee that the fines imposed will not exceed $100. Thus the limitation provided in art. 4.03 is inapplicable to the case at bar.

■ Since the second sentence of art. 4.03 does not apply, the general provisions of the first sentence do apply and this court has jurisdiction to hear any appeal filed in accordance with TEX.CODE CRIM.PROC. art. 44.01 (Vernon Supp.1991). This includes the jurisdiction to consider the State's appeal from a county court judge's dismissal of an information or complaint. *State v. Eaves* 786 S.W.2d 396 (Tex.App.Amarillo 1990, no pet. reported); *State v. Coleman,* 757 S.W.2d 127 (Tex.App.—Houston [1st Dist] 1988, pet. ref'd).

■ We find that art. 44.01 prevails over art. 4.03. Statutes dealing with the same or similar matter should be construed in harmony whenever possible to give effect to the legislative intent of both. TEX. GOV'T CODE § 311.026(a). When a harmonious construction is not possible, the more recent legislative enactment should prevail. Since art. 44.01 was passed in 1987, while art. 4.03 was last amended in 1981, any potential conflict should be resolved in fa-

vor of the broad grant of jurisdiction in art. 44.01. Accordingly, art. 4.03 does not bar the State from appealing this case. Appellee's first reply point is overruled.

In his second reply point, appellee contends that this court should dismiss these appeals because the State of Texas lacks the legal power to file a notice of appeal more than 15 days after the entry of the order appealed from. The State filed its appeal on the sixteenth day after the trial court signed and entered the orders. The trial judge heard oral arguments on McKinney's motions to dismiss on March 22, 1990 and advised both parties in open court that he would take appellee's motions under advisement. On April 17, the trial judge notified counsel for both parties by letter that he had determined to grant the defense motions, and instructed defense counsel to prepare orders to that effect. On April 19, 1990, appellee's attorney prepared three identical, one page proposed orders dismissing the cases, sending them to the Court and also to the State's attorney, Mr. Harrity. It is noted that the State admits having received these proposed orders. Shortly after receiving the proposed orders, the State's attorney engaged in an *ex parte* conversation with the trial judge in which the State's attorney indicated that he had objections to the form of the proposed orders. The trial judge delayed entering orders in the cases until May 7, 1990 when he signed the orders prepared by appellee's counsel. The fact that these orders had been signed was readily ascertainable by inquiry to the county clerk. At no time during the twenty days between April 17, 1990 when the trial judge informed the parties by letter that he was going to dismiss the complaints and May 7, 1990 when he actually signed the orders, did the State avail itself of any action on the record to indicate an objection to the form of the orders or to request that the trial judge enter specific conclusions of law. It was not until May 16, 1990 that the State filed its objections to appellee's proposed orders which, by then, were the actual orders of the court.

As conceded in the State's supplemental motion for an extension of time to file its notices of appeal, John Harrity, the assistant district attorney who represented the State in this matter, was twice notified that the orders had been signed: on May 14 or 15, 1990 by the Court and on May 22, 1990 by appellee's defense counsel. It is further noted that Mr. Harrity took no initiative to apprise himself of the date on which the trial judge had signed the orders.

■ The State of Texas does not have the legal power to file a notice of appeal after its fifteen day deadline has expired. In *State v. Demaret*, 764 S.W.2d 857 (Tex. App.—Austin 1989 no writ), the Austin Court of Appeals held that Article V, § 26 of Texas Constitution limits the State's power to appeal criminal cases to those situations in which the power is "authorized by general law." Since the statute authorizing appeals by the state, T.C.C.P., Art. 44.01(d), establishes a fifteen day time limit and makes no provision for extending that deadline, the *Demaret* court held that the prosecution was not entitled to avail itself of the extension provisions of Rule 41(b)(2) of the Texas Rules of Appellate Procedure. In its opinion, the Demaret court pointed out that the court of criminal appeals may not, in exercising its rule-making power, modify the substantive rights of a litigant, stating:

> In our view, art. 44.01(d) does more than merely prescribe a procedural deadline for filing the State's notice of appeal. Rather, it limits the State's substantive authority to appeal.

764 S.W.2d 857, 858.

We find the reasoning in *Demaret* persuasive. We hold that the State had no legal power to appeal these cases once the 15 day limit set out in T.C.C.P. art. 44.01(d) had expired. The orders appealed from were signed and entered May 7, 1990. Therefore, the State's authority to appeal these orders extended to May 22, 1990. No notice of appeal was filed on or before this date but was filed on May 23, 1990, sixteen days after the orders were signed by the trial court. On May 24, 1990, the State filed its motion to extend time for filing

notices of appeal and on June 7, 1990 this court granted the State's motion.

For the reasons stated, we now find that this Court erred in granting the State's motion to extend time for filing the notices of appeal. We further find that the State did not perfect its appeal before its rights to appeal expired. Accordingly, we order the appeals dismissed in all three cases. Appellee's second reply point is sustained.

Having decided that the State is without legal power to appeal, we need not address its point of error.