IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-201-CR


AND


NO. 3-91-202-CR





THE STATE OF TEXAS,



 APPELLANT


vs.





MARK ANTHONY DIAZ,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY



NOS. 33,923 & 33,924, HONORABLE HOWARD S. WARNER, II, JUDGE 



 




 The State appeals from orders of the county court at law dismissing two causes. 
Tex. Code Crim. Proc. Ann. art. 44.01(a)(1) (Supp. 1992). Appellee entered pleas in the justice
court of no contest to the offenses of speeding, Tex. Rev. Civ. Stat. Ann. art. 6701d, § 169B
(1977), and minor in possession of alcoholic beverages, Tex. Alco. Bev. Code Ann. § 106.05
(1978). The justice court assessed fines of $47.50 and $74.50. Appellee perfected his appeals (1)
to the county court at law by filing appeal bonds pursuant to Tex. Code Crim. Proc. Ann. art.
44.19 (1979).

 Appellee moved to dismiss the causes in the county court at law on the grounds that
the judgments in the justice court did not meet the requirements of Tex. Code Crim. Proc. Ann.
arts. 42.01 (Supp. 1992) (requisites of a judgment) and 45.01 (Supp. 1992) (requisites of a
complaint), and that the justice court transcripts did not bear the certificates required by Tex.
Code Crim. Proc. Ann. art. 44.18 (1979). The court granted appellee's motions to dismiss with
prejudice to refiling same. By granting the motions, the county court at law terminated the
criminal actions and discharged appellee from further prosecution. State v. Eaves, 800 S.W.2d
220, 224 (Tex. Crim. App. 1990). We reverse the trial court's orders.

 In appeals to a county court (county court at law and county criminal court) from
justice courts, "the trial shall be de novo in the trial in county court, the same as if the prosecution
had originally commenced in that court." Tex. Code Crim. Proc. Ann. art. 44.17 (Supp. 1992). 
In Ex parte Jones, 81 S.W.2d 706 (Tex. Crim. App. 1935), the court stated:



The giving and approval of a proper bond for appeal in such case from the justice
court to the county court frees the case from any aspect of review by the court to
which the case is appealed other than to ascertain the sufficiency of the bond, and
puts the accused before the county court to stand or fall, after his appearance there,
upon the case made by the plea entered by him in the county court and the
testimony there heard and the trial had, unaffected by what might have been the
evidence heard or the plea entered in the justice court. We cannot conceive any
possible application of a rule under our Constitution and statutes other than as we
have above outlined.



Id. at 207 (emphasis added).

 In a recent opinion, this Court in State v. Campbell, 820 S.W.2d 44, 45 (Tex. App.
1991, pet. ref'd), stated that by giving notice of appeal from the justice court judgment, the
defendant invoked the right to a trial de novo before the county court and deprived the justice
court judgment of any finality. The court held that the county court at law erred in granting the
motion to dismiss on the ground that the judgment did not satisfy all the statutory requirements. 
Id. at 46. In the instant causes, the county court at law on acquiring jurisdiction was precluded
from reviewing any statutory defects in the justice court judgments.

 Turning to the matter of the lack of proper certificates on the justice court
transcripts, Tex. Code Crim. Proc. Ann. art. 44.18 (1979) provides for the delivery of the
original papers, appeal bond and certified transcript of the proceedings to the court to which the
appeal is taken from the justice court. However, "no appeal shall be dismissed . . . on account
of any defect in the transcript." Tex. Code Crim. Proc. Ann. art. 44.14 (1979). The absence of
statutory certificates on the justice court transcripts does not constitute a basis for dismissal of the
causes pending in the county court at law in the instant causes.

 It is undisputed that the appeals from the justice court to the county court at law
were perfected in the instant causes. Having acquired jurisdiction, the trials on the causes pending
in the county court at law began on a clean slate. To conclude that the county court at law could
review the judgments of the justice court or the lack of proper certificates on the transcripts would
be contrary to the trial de novo process.

 We conclude that the county court at law erred in granting appellee's motions to
dismiss. The county court at law has jurisdiction for the purpose of trials de novo in both causes. 
The orders dismissing the causes are reversed, and the causes are remanded to the county court
at law for further proceedings.



 

 Tom G. Davis, Justice

[Before Justices Aboussie, B. A. Smith and Davis*]

Reversed and Remanded on Both Causes

Filed: June 3, 1992

[Do Not Publish]












* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (1988).
1. Since the county court at law did not impose any fines in these causes, the limitations on the
appellate jurisdiction of courts of appeals imposed by Tex. Code of Crim. Proc. art. 4.03 (Supp.
1992), to cases where the fines in county courts at law exceed $100 in any case appealed from
inferior courts is not applicable. See State v. McKinney, 803 S.W.2d 374, 376 (Tex. App. 1990,
no pet.).