# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00697-CR

**The State of Texas, Appellant**

**v.**

**Adam Gomez, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY
## NO. 99-5564-1, HONORABLE KEVIN HENDERSON, JUDGE PRESIDING

**PER CURIAM**

The State seeks to appeal an order granting appellee Adam Gomez's motion to suppress evidence. *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (West Supp. 2000). The clerk's record reflects that the motion to suppress was granted in open court on September 18, 2000. The written order was signed on October 2, 2000. The State's notice of appeal was filed on October 20, 2000.

"The prosecuting attorney may not make an appeal under Subsection (a) or (b) of this article later than the 15th day after the date on which the order, ruling, or sentence to be appealed is entered by the court." *Id*. art. 44.01(d). "[T]he term 'entered by the court' [in article 44.01(d)] encompasses the signing of an order by the trial judge." *State v. Rosenbaum*, 818 S.W.2d 398, 402 (Tex. Crim. App. 1991). The fifteenth day after the order in this cause was signed by the trial court was October 17, 2000. The State's substantive right to appeal expired

after that date.  *State v. Demaret*, 764 S.W.2d 857, 858 (Tex. App.–Austin 1989, no pet.); *see also State v. Muller*, 829 S.W.2d 805, 812 (Tex. Crim. App. 1992).

The State did not perfect appeal before its right to appeal expired.  Under the circumstances, we must dismiss the purported appeal for want of jurisdiction.

The appeal is dismissed.

Before Justices Jones, Kidd and Yeakel

Dismissed for Want of Jurisdiction

Filed:

Do Not Publish