

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

June 8, 2006

The Honorable Bruce Isaacks
Denton County Criminal District Attorney
Post Office Box 2850
Denton, Texas 76202

Opinion No. GA-0436

Re: Whether a county or district clerk is required to charge an administrative fee for the return of funds deposited with the clerk as a cash bail bond; reconsideration of Attorney General Opinion JC-0163 (1999) (RQ-0425-GA)

Dear Mr. Isaacks:

You ask whether a county or district clerk is required to charge an administrative fee for the return of funds deposited with the clerk as a cash bail bond.[1] Your inquiry is a request that we reconsider an opinion of this office issued in 1999. *See* Request Letter, *supra* note 1, at 1–3. We will first address that opinion in detail.

In Attorney General Opinion JC-0163 (1999), this office was asked whether a county or district clerk was authorized to withhold an administrative fee from the return of funds deposited with the clerk as a cash bail bond pursuant to article 17.02 of the Code of Criminal Procedure. *See* Tex. Att'y Gen. Op. No. JC-0163 (1999) at 1. Article 17.02 permits a defendant to deposit cash with the court as a bail bond. *See* TEX. CODE CRIM. PROC. ANN. art. 17.02 (Vernon 2005). That statute also provides that any such cash funds "deposited under this Article shall be receipted for by the officer receiving the same and shall be refunded to the defendant if and when the defendant complies with the conditions of his bond, and upon order of the court." *Id.* Thus, Attorney General Opinion JC-0163 concluded that article 17.02, when read alone, requires "all funds deposited as a cash bail bond [to] be refunded to the defendant once he complies with the conditions of his bond." Tex. Att'y Gen. Op. No. JC-0163 (1999) at 2.

The opinion also noted, however, that cash bail bonds deposited in non-interest bearing accounts[2] implicate the administrative fee requirement of section 117.055 of the Local Government

---

[1]*See* Letter from Honorable Bruce Isaacks, Denton County Criminal District Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 1–3 (Dec. 15, 2005) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]Because section 117.055 of the Local Government Code is limited to non-interest bearing accounts that may include cash bail bonds, we do not here address interest bearing accounts. The latter are described in section 117.054 of the Local Government Code. *See* TEX. LOC. GOV'T CODE ANN. § 117.054 (Vernon 1999); Tex. Att'y Gen. Op. No. JC-0163 (1999) at 2 (discussing section 117.054).

Code. *See id.* at 1–4. Section 117.055 of the Local Government Code requires at the time of withdrawal "a county or district clerk to withhold, from certain 'registry funds' deposited with the clerks a fee of five percent, or as much as $50.00, for accounting and administrative expenses incurred in handling the funds." *Id.* at 2; *see* TEX. LOC. GOV'T CODE ANN. § 117.055(a) (Vernon Supp. 2005). These "registry funds" include "funds deposited into the registry fund from the following sources: . . . (6) cash bail bonds." *See* TEX. LOC. GOV'T CODE ANN. § 117.052(c)(6) (Vernon Supp. 2005).

Thus, Attorney General Opinion JC-0163 found that section 117.055, which requires an administrative fee to be withheld from a cash bail bond refund, was in irreconcilable conflict with article 17.02 of the Code of Criminal Procedure, which requires all cash deposited as a bail bond to be refunded to the defendant. *See* Tex. Att'y Gen. Op. No. JC-0163 (1999) at 3. The opinion also found that neither section 117.055 nor article 17.02 was the more specific statute "with respect to the treatment of cash bail bond deposits," and as a result, the statute latest in date of enactment must prevail. *Id.* The opinion declared that because article 17.02 of the Code of Criminal Procedure had been enacted in 1965 and not since amended, and section 117.055 of the Local Government Code had been last amended in 1997, the latter as the later-enacted statute prevailed. *See id.* Accordingly, the opinion concluded that a county or district clerk must, pursuant to section 117.055 of the Local Government Code, withhold an administrative fee from the return of funds deposited as a cash bail bond pursuant to article 17.02 of the Code of Criminal Procedure. *See id.* at 4.

You suggest that Attorney General Opinion JC-0163 is incorrect because it failed to consider the opinion of the Texas Supreme Court in *Melton v. State*, which was issued eight months prior to Opinion JC-0163. *See Melton v. State*, 993 S.W.2d 95 (Tex. 1999). *Melton* applied "provisions of the Local Government Code, the Property Code, and the Code of Criminal Procedure to delineate the duties of county officials regarding unclaimed cash bail bonds." *Melton*, 993 S.W.2d at 97.[3]

For our purposes, the most significant issue the court confronted in *Melton* was a discrepancy between article 17.02 of the Code of Criminal Procedure and section 74.101(a) of the Property Code, which required a holder of abandoned property as of June 30 of any year, including a county or district clerk, to file a report of the property on or before the following November 1. *See id.* at 101;

---

[3]The primary issue in *Melton* concerned the date at which the dormancy period begins to run for unclaimed cash bail bonds. *See Melton*, 993 S.W.2d at 99. Section 117.002 of the Local Government Code declares that

> [a]ny funds deposited under this chapter, *except cash bail bonds*, that are presumed abandoned under Chapter 72, 73, or 75, Property Code, shall be reported and delivered by the county or district clerk . . . without further action by any court. The dormancy period for funds deposited under this chapter begins on [one of the alternative dates described].

TEX. LOC. GOV'T CODE ANN. § 117.002 (Vernon 1999) (emphasis added) (footnote omitted). In *Melton*, a county clerk had argued that the exemption for cash bail bonds applied to both of the above-quoted sentences. *See Melton*, 993 S.W.2d at 99. The state, by contrast, contended that the provision exempted cash bail bonds *only* from the automatic reporting and delivery requirement and did *not* exempt such funds from the sentence regarding the beginning of the dormancy period. *See id.* The court adopted the state's position on this issue. *See id.*

TEX. PROP. CODE ANN. § 74.101(a) (Vernon Supp. 2005). Moreover, section 74.301(a) of the Property Code required a holder to deliver abandoned property to the Comptroller along with the report required by section 74.101(a). *See Melton*, 993 S.W.2d at 101; TEX. PROP. CODE ANN. §§ 74.101(a), .301(a) (Vernon Supp. 2005). By contrast, article 17.02 of the Code of Criminal Procedure declares that cash bail bonds shall be released only "upon order of the court." TEX. CODE CRIM. PROC. ANN. art. 17.02 (Vernon 2005); *see also Melton*, 993 S.W.2d at 101. Thus, *Melton* concluded that article 17.02 of the Code of Criminal Procedure, which "speaks specifically to the release of cash bail bonds . . . controls over the more general Property Code provisions regarding delivery of abandoned property." *Melton*, 993 S.W.2d at 102.

You contend that the Texas Supreme Court's analysis in *Melton* of the conflict between article 17.02 of the Code of Criminal Procedure and the relevant Property Code provisions should have been applied to the conflict between article 17.02 and section 117.055 of the Local Government Code as described in Attorney General Opinion JC-0163. *See* Request Letter, *supra* note 1, at 2. Using that analysis, you suggest that because article 17.02 speaks specifically to the refund of cash bail bonds, whereas section 117.055 addresses generally the clerk's withholding of a fee to compensate the county for the accounting and administrative expenses incurred in handling registry funds, article 17.02 is the more specific statute. *See id.* Under such reading, article 17.02's requirement that the entire amount of a cash bail bond be refunded to a defendant would prevail over the clerk's authority to withhold an administrative fee under section 117.055. *See id.*

This argument, however, is misplaced. The Property Code provisions addressed in *Melton* were part of chapter 74, which dealt with the "Report, Delivery, and Claims Process" of property that is presumed abandoned. *See* TEX. PROP. CODE ANN. §§ 74.001–.710 (Vernon 1995 & Supp. 2005). Section 74.001(a) thereof states that "[e]xcept as provided by subsection (b), this chapter applies to a holder of property that is presumed abandoned under Chapter 72, Chapter 73, or Chapter 75." *Id.* § 74.001(a) (Vernon Supp. 2005). Nowhere in chapter 74 of the Property Code, or more generally, in title 6, which deals with unclaimed property, is there a reference to cash bail bonds. *See id.* §§ 71.001–76.704 (Vernon 1995 & Supp. 2005) (title 6, Property Code, chapters 71 through 76).

By contrast, section 117.055 of the Local Government Code is a part of chapter 117, entitled "Depositories for Certain Trust Funds and Court Registry Funds," and more specifically part of subchapter C thereof, relating to "Depository Accounts." TEX. LOC. GOV'T CODE ANN. §§ 117.052–.058 (Vernon 1999 & Supp. 2005). As we have indicated, section 117.052(c) provides that a "clerk is responsible for funds deposited into the registry fund from the following sources: . . . (6) cash bail bonds." *Id.* § 117.052(c)(6) (Vernon Supp. 2005). *Melton* did not allude to any conflict between article 17.02 of the Code of Criminal Procedure and chapter 117 of the Local Government Code. Indeed, the Texas Supreme Court there noted that

> [s]ection 117.052(c) of the Local Government Code provides that the clerk is "responsible" for registry funds, which includes cash bail bonds. Section 117.0521 states that a clerk acts in a "custodial capacity" in relation to registry funds. Finally, section 117.052(a)

> requires the clerk to place money deposited into the court registry in the county's depository if the clerk is to have "legal custody" of the money for more than three days.

*Melton*, 993 S.W.2d at 101 (citations omitted).

Thus, the court's discussion in *Melton* does not provide any basis for analogizing the conflict between article 17.02 of the Code of Criminal Procedure and the relevant Property Code provisions to the conflict between article 17.02 and section 117.055 of the Local Government Code described in Opinion JC-0163. In our view, it is apparent that the deduction of the administrative fee required by section 117.055 necessarily provides for that deduction from registry funds deposited as cash bail bonds. Consequently, we agree with the conclusion of Attorney General Opinion JC-0163. Both article 17.02 of the Code of Criminal Procedure and section 117.055 of the Local Government Code are specific statutes that deal with the refund of cash bail bonds. The only difference between the two provisions is that section 117.055 requires the deduction of an administrative fee from the refund. This requirement of a deduction means that the two statutes are in irreconcilable conflict with each other. Neither is the more specific statute. Accordingly, we cannot rely on the rule of construction that declares that when two statutes are in conflict, the more specific statute prevails over the more general statute. *See State v. McKinney*, 803 S.W.2d 374, 376 (Tex. App.—Houston [14th Dist.] 1990, no writ). The Code Construction Act provides that "if statutes enacted at the same or different sessions of the legislature are irreconcilable, the statute latest in date of enactment prevails." TEX. GOV'T CODE ANN. § 311.025(a) (Vernon 2005).

In Attorney General Opinion JC-0163, section 117.055 was found to be the later-enacted statute.[4] *See* Tex. Att'y Gen. Op. No. JC-0163 (1999) at 3. We note that article 17.02 has not been amended subsequent to the issuance of Attorney General Opinion JC-0163 (1999). *See* TEX. CODE CRIM. PROC. ANN. art. 17.02 (Vernon 2005). Consequently, section 117.055 remains the later-enacted statute. As a result, we conclude that a county or district clerk, pursuant to section 117.055 of the Local Government Code, is required to charge an administrative fee for the return of funds deposited with the clerk as a cash bail bond.

---

[4]You also suggest that Attorney General Opinion JC-0163 "fails to address the issue that the substantive bond forfeiture law is criminal in nature" and cite for this proposition the Texas Supreme Court's opinion in *Camacho v. Samaniego*, 831 S.W.2d 804 (Tex. 1992). Request Letter, *supra* note 1, at 2. That opinion considered the right of a county to impose a bond approval fee. *See Camacho*, 831 S.W.2d at 805. The opinion declared that "[c]hapter 118 of the Local Government Code . . . does not authorize the commissioners court to set fees in criminal matters"; therefore, "the criminal bail bond fee in El Paso is not authorized by statute and is thus impermissible." *Id.* at 812. By contrast, Local Government Code chapter 117, subchapter C, as we have indicated, specifically includes "cash bail bonds" within the category of "registry funds" from which an administrative fee may be deducted. *See* TEX. LOC. GOV'T CODE ANN. §§ 117.052(c)(6), .055(a) (Vernon Supp. 2005). Moreover, the Texas Supreme Court's opinion in *Melton* expressly notes that cash bail bonds are included within those registry funds to which chapter 117 applies. *Melton*, 993 S.W.2d at 101.

## S U M M A R Y

A county or district clerk, pursuant to section 117.055 of the Local Government Code, is required to charge an administrative fee for the return of funds deposited with the clerk as a cash bail bond. Attorney General Opinion JC-0163 (1999) is affirmed.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee