NO. 07-07-0092-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MAY 18, 2007

________________________________

THE STATE OF TEXAS, APPELLANT

V.

MOSES GALVAN RICO, JR., APPELLEE

________________________________

FROM THE 181 DISTRICT COURT OF RANDALL COUNTY;

NO. 17377-B; HONORABLE JOHN B. BOARD, JUDGE

_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

After the trial court granted Moses Galvan Rico, Jr.’s motion to suppress, the State of Texas filed her notice of appeal.  A threshold question in any case is whether a court has jurisdiction over the pending controversy.  Courts address jurisdictional issues 
sua sponte.  See Vargas v. State
, 109 S.W.3d 26, 29 (Tex.App.–Amarillo 2003, no pet.).  

The State’s authority to appeal an order of a trial court in a criminal proceeding is governed by article 44.01 of the Texas Code of Criminal Procedure Annotated (Vernon 2006).  It provides that the State may appeal from an order granting a motion to suppress evidence if jeopardy has not attached in the case and if the prosecuting attorney certifies to the trial court that the appeal is not taken for the purposes of delay and the evidence is of substantial importance to the case.  
See
 art. 44.01(a)(5).  To perfect the State’s right of appeal the prosecuting attorney must pursue the appeal not later than the fifteenth day after the date on which the appealable order is entered by the trial court.  
See also
 art. 44.01(d).  The date an appealable order is “entered” means the date the order is signed by the court.  
State ex rel. Sutton v. Bage
, 822 S.W.2d 55, 57 (Tex.Crim.App. 1992).  Article 44.01(d) is more than a procedural deadline; it is a substantive limit on the State’s authority to appeal.  
State v. Muller
, 829 S.W.2d 805, 812 (Tex.Crim.App. 1992).  On the sixteenth day after the appealable order is entered, the State’s authority ceases and may not be revived.  
Id
.  Moreover, the Texas Rules of Appellate Procedure, specifically, Rule 44.3,
(footnote: 1) were not intended and may not be used to enlarge the substantive rights of litigants.
(footnote: 2)  
Id.
  
See also State v. Riewe
, 13 S.W.3d 408,  412 (Tex.Crim.App. 2000).  

As in appeals by a defendant, a State-prosecuted appeal requires the timely filing of a notice of appeal to invoke this Court’s jurisdiction.  
See Riewe
, 13 S.W.3d at 411.  
See also Olivo v. State
, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996).  Additionally, the State may not avail herself of the extension period provided under Rule 26.3 of the Texas Rules of Appellate Procedure.  
See State v. McKinney
, 803 S.W.2d 374, 377 (Tex.App.–Houston [14th Dist.] 1990, no pet.); 
State v. Demaret
, 764 S.W.2d 857, 858 (Tex.App.–Austin 1989, no pet.).  
See also
 
State v. Gobel
, 988 S.W.2d 852, 854 (Tex.App.–Tyler 1999, no pet.) (noting that article 44.01(d) has been strictly construed so as to preclude extending perfection deadlines even when based on the filing of a motion for extension of time).

The trial court granted Appellee’s motion to suppress by order signed Monday, February 26, 2007.  The deadline for the State to file her notice of appeal was Tuesday, March 13, 2007.  The State, however, did not file her notice until Thursday, March 15, 2007, and a day later filed an amended notice of appeal.
(footnote: 3)  Thus, the notice of appeal was not timely filed and this Court has no alternative but to dismiss this appeal for want of jurisdiction.

Consequently, this purported appeal is dismissed for want of jurisdiction and the previously-set deadline of June 14, 2007, for filing the State’s brief is rendered moot.

Patrick A. Pirtle

      Justice

Do not publish.

FOOTNOTES
1:
Rule 44.3 provides that no appeal shall be dismissed for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities.

2:
A statute prevails over a procedural rule.  
See 
Tex. R. Evid. 101(c) (providing that the Code of Criminal Procedure trumps the Rules of Evidence).

3:
The first notice was not executed by the Criminal District Attorney as required by article 44.01(i) of the Code.