

# NUMBER 13-13-00449-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**THE STATE OF TEXAS,** **Appellant,**

**v.**

**KORI J. MARRA,** **Appellee.**

---

## On appeal from the County Court at Law No. 3 of Cameron County, Texas.

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Longoria
### Memorandum Opinion by Justice Rodriguez

This case involves a re-charging of a defendant on the same charges of which she was acquitted by this Court in an appeal from the first conviction. *See Marra v. State*, 399 S.W.3d 664 (Tex. App.—Corpus Christi 2013, no pet.). Appellant the State of Texas challenges the trial court's granting of appellee Kori J. Marra's application for writ of habeas corpus on the ground that the subsequent information, that forms the basis of this

appeal, violated the statute of limitations. By one issue, the State argues that the trial court erred because the limitations period for the subsequent information was tolled until this Court rendered judgment acquitting Marra. We dismiss for lack of jurisdiction.

## I. Background

On March 11, 2011, the State filed its first complaints and informations against Marra, a former City of Harlingen commissioner, alleging and charging that, on September 1, 2010, Marra had committed two class A misdemeanors when she participated in a vote or decision on a matter that had a special economic effect on a business entity and real property in which she had substantial interests without first filing an affidavit stating the nature and extent of her interest in the entity and property. *See* TEX. LOC. GOV'T CODE ANN. §§ 171.003(a)(1), (b), 171.004(a)(1), (2) (West, Westlaw through 2013 3d C.S.). Marra pleaded not guilty, and after a trial, the jury convicted her of the business-entity offense but acquitted her of the real-property offense. The trial court sentenced Marra to thirty days' confinement in county jail and assessed a $500 fine and court costs. Marra appealed her conviction to this Court, and on April 4, 2013, after holding that a material variance between the State's pleading and proof rendered the evidence legally insufficient to support the conviction, we reversed the conviction and rendered a judgment of acquittal. *See Marra*, 399 S.W.3d at 673.

On April 23, 2013, the State filed a new complaint and information against Marra under local government code section 171.004(a)(1) based on the same September 2010

2

conduct.[1]  Marra filed a motion to quash and dismiss the information and a pretrial application for writ habeas corpus, arguing in both that the statute of limitations barred the State's subsequent charge because it was not filed within two years of the date of the offense.  *See* TEX. CODE CRIM. PROC. ANN. art. 12.02(a) (West, Westlaw through 2013 3d C.S.).  The trial court clerk filed the motion to dismiss in the existing criminal cause number but docketed the habeas application under a separate cause number.

The trial court held one hearing for both Marra's motion to dismiss and habeas application, at which the State argued that code of criminal procedure article 12.05 tolled limitations for a period beginning with the original March 2011 charges and extending through the pendency of the appeal that eventually resulted in Marra's acquittal.  *See id.* art. 12.05(b), (c) (West, Westlaw through 2013 3d C.S.).  In separate orders issued in the corresponding cause numbers, the trial court granted both Marra's motion to dismiss and habeas application.  The State noticed its appeal from the habeas cause number and order.

## II.  Motion to Dismiss Appeal and Mootness

After the State filed its notice of appeal, Marra filed with this Court a motion to dismiss the appeal for lack of jurisdiction.  Marra argues that because the State failed to perfect an appeal from the trial court's order granting her motion to quash and dismiss, this Court has no jurisdiction to review it.  And because that order finally disposes of the charges, it renders the State's appeal of the habeas order moot.  We agree.

---

[1] In the second prosecution, the State did not file charges against Marra under section 171.004(a)(2), the real property provision.  *See* TEX. LOC. GOV'T CODE ANN. §§ 171.004(a)(2) (West, Westlaw through 2013 3d C.S.).

To perfect an appeal from a trial court's order dismissing a complaint and information, the State must file its notice of appeal within twenty days after the trial court enters its appealable order. *See* TEX. R. APP. P. 26.2(b) (setting the appellate time table for the State); TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(1), (d) (West, Westlaw through 2013 3d C.S.) (granting the State the right to appeal a trial court's order that "dismisses an indictment, information, or complaint" no "later than the 20th day after the date on which the order . . . to be appealed is entered by the court"). Because the twenty-day deadline imposed by article 44.01(d) is a substantive limit on the State's authority to appeal, the extension of time provided by rule of appellate procedure 26.3 is unavailable to the State. *See* TEX. R. APP. P. 26.3; *State v. Muller*, 829 S.W.2d 805, 812 (Tex. Crim. App. 1992) ("[T]he rules [of appellate procedure] were not intended and may not be employed to enlarge the substantive rights of the litigants. In our view, art[icle] 44.01(d) does more than merely prescribe a procedural guideline for filing the State's notice of appeal. Rather it limits the State's substantive authority to appeal . . . .") (quoting *State v. Demaret*, 764 S.W.2d 857, 858 (Tex. App.—Austin 1989, no pet.)); *State v. White*, 248 S.W.3d 310, 313 (Tex. App.—Austin 2007, no pet.) ("Because the [] time limit in article 44.01(d) is a substantive limitation on the State's right of appeal, it cannot be extended by the appellate court pursuant to rule 26.3 . . . ."); *see also State v. Reynolds*, No. 13-00-00446-CR, 2000 WL 33420555, at *1 (Tex. App.—Corpus Christi July 27, 2000, no pet.) (not designated for publication) (same). If the State does not perfect its appeal by filing a timely notice, it fails to invoke the jurisdiction of the appellate court. *See Muller*, 829 S.W.2d at 813; *see also Reynolds*, 2000 WL 33420555, at *1.

Here, the State does not dispute that it failed to timely perfect an appeal from the

4

trial court's order in the existing criminal cause number granting Marra's motion to quash and dismiss.[2]  We therefore agree with Marra that this Court has no jurisdiction over any complaint regarding the order on the motion to dismiss.

Likewise, we have no jurisdiction over the State's appeal of the order in the habeas cause number because the trial court's granting of Marra's motion to dismiss in the separate cause number renders this appeal moot.  A cause, issue, or proposition becomes moot "when the appellate court's judgment cannot have any practical legal effect upon a controversy."  *State v. Garza*, 774 S.W.2d 724, 727 (Tex. App.—Corpus Christi 1989, pet. ref'd) (citation omitted); *see also Salinas v. State*, No. 13-09-00616-CR, 2011 WL 1938664, at *3 (Tex. App.—Corpus Christi May 12, 2011, pet. ref'd) (mem. op., not designated for publication) ("The doctrine of mootness limits courts to deciding cases in which an actual controversy exists.").  Any opinion by an appellate court ruling on a moot issue would be purely advisory, and Texas courts have no jurisdiction to issue advisory opinions.  *See Armstrong v. State*, 805 S.W.2d 791, 794 (Tex. Crim. App. 1991); *see also Salinas*, 2011 WL 1938664, at *3.

Both orders by the trial court—the order granting Marra's motion to dismiss in the

---

[2] Rather, citing *State v. Young* and *State v. Moreno*, the State argues that it was entitled to appeal the habeas order because, even if it was not labeled as a dismissal, the habeas order had the practical effect of dismissing the charges.  *See Young*, 810 S.W.2d 221, 224 (Tex. Crim. App. 1991) ("Article 44.01 must be 'liberally construed [so as] to achieve [its] purpose.' . . .  [T]he intent of the Legislature in enacting such Article was to allow for a state appeal from any trial court order terminating the criminal proceedings against a defendant."); *Moreno*, 807 S.W.2d 327, 333 (Tex. Crim. App. 1991) ("The mere label attached either to the defendant's motion or to the trial court's order ruling on same cannot determine its appealability . . . .  To so rule would import an empty formalism into a statute expressly designed to eliminate 'technical distinctions in pleadings as limitations on appeals by the [State]." (internal citations and quotations omitted)).  The State's argument misses the mark.  Marra does not assert that the trial court's order on the habeas application was not appealable.  She concedes that it was.  Instead, Marra argues that it was the State's failure to appeal the order in the main criminal action that defeats this Court's jurisdiction.  The State's argument in response does not assail this point.  The State cites no case law, and we find none, indicating that a notice of appeal from a habeas order with a separate cause number excuses it from filing a notice of appeal from the dismissal of the underlying case.

main criminal action and the order granting Marra's habeas application—resolved the limitations issue in favor of Marra, and either order, standing alone, supported dismissal of the charges. *See Ex parte Smith*, 178 S.W.3d 797, 801–02 (Tex. Crim. App. 2005) (explaining that either a pretrial motion or a pretrial writ of habeas corpus is a proper vehicle for raising a limitations bar to charges by the State). The State does not dispute this. Accordingly, when the State failed to timely perfect an appeal of the dismissal order in the main criminal action, that order became final and functioned on its own to dismiss the State's charges against Marra. In short, the State extinguished the controversy over the statute of limitations issue. Thus, by appealing the order in the habeas cause number but not the order in the main criminal action, the State asks this Court to rule on a moot issue and enter a judgment that would have no practical legal effect. Such a judgment would be a purely advisory ruling by this Court on the limitations issue, and we have no jurisdiction to enter such a judgment.

In light of the foregoing, the Court is of the opinion that Marra's motion to dismiss should be granted, and we do not reach the merits of the State's appeal.

### III. Conclusion

We GRANT Marra's motion to dismiss and DISMISS the appeal for lack of jurisdiction.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 29th
day of January, 2015.

6