Maureen R. **SALIBA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–00–01084–CR.

Court of Appeals of Texas,
Dallas.

April 30, 2001.

Henry J. Ackels, Ackels & Ackels, L.L.P., Dallas, for Appellant.

Michael Acuna, Dallas, for State.

Before Justices KINKEADE, WRIGHT, and FITZGERALD.

## OPINION

WRIGHT, Justice.

Maureen R. Saliba attempts to appeal the County Criminal Court of Appeals's judgment reversing the municipal court's order granting her motion to quash. The State filed a motion to dismiss for want of jurisdiction prior to submission. Because this case has never proceeded to trial and appellant has not been convicted, we conclude we lack jurisdiction over this appeal.

Generally, appellate courts may consider an appeal by a criminal defendant only after conviction. *See Workman v. State,* 170 Tex.Crim. 621, 622, 343 S.W.2d 446, 447 (1961). There are narrow exceptions to the rule requiring conviction before a criminal defendant may appeal. *Wright v. State,* 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.); *McKown v. State,* 915 S.W.2d 160, 161 (Tex.App.— Fort Worth 1996, no pet.) (per curiam). A defendant may appeal: (1) while on unadjudicated community supervision; (2) the denial of a motion to reduce bond; (3) the denial of a pretrial application for writ of habeas corpus alleging double jeopardy; and (4) the denial of habeas corpus relief in extradition cases. *Wright,* 969 S.W.2d at 589; *McKown,* 915 S.W.2d at 161. *But see Ex parte Shumake,* 953 S.W.2d 842, 846–47 (Tex.App.—Austin 1997, no pet.) (holding no jurisdiction to review order raising amount of bail and questioning jurisdiction to review denial of motion to reduce bond).

In this case, appellant is attempting to appeal the County Criminal Court of Appeals's judgment reversing the municipal court's order granting a motion to quash. Because appellant has not been convicted and her case does not fall into any of the exceptions allowing a criminal defendant to appeal without having been convicted, we conclude we do not have jurisdiction over this appeal. *See Wright*, 969 S.W.2d at 589–90 (defendant may not appeal pretrial order revoking bond); *Shumake*, 953 S.W.2d at 846–47 (defendant may not appeal pretrial order raising bond); *McKown*, 915 S.W.2d at 161 (defendant may not appeal trial court's denial of motion to suppress); *Petty v. State*, 800 S.W.2d 582, 583 (Tex.App.—Tyler 1990, no pet.) (defendant may not appeal trial court's order of dismissal).

In reaching this conclusion, we necessarily reject appellant's argument that we have jurisdiction pursuant to article 4.03 of the code of criminal procedure. Article 4.03 of the code of criminal procedure provides as follows:

> The Courts of Appeals shall have appellate jurisdiction coextensive with the limits of their respective districts in all criminal cases except those in which the death penalty has been assessed. This Article shall not be construed as to embrace any case which has been appealed from any inferior court to the county court, the county criminal court, or county court at law, in which the fine imposed by the county court, the county criminal court, or county court at law does not exceed one hundred dollars, unless the sole issue is the constitutionality of the statute or ordinance on which the conviction is based.

TEX.CODE CRIM. PROC. ANN. art. 4.03 (Vernon Supp.2001). Article 4.03 does not, however, somehow provide jurisdiction in a criminal case in which the defendant has not proceeded to trial and has not been convicted. Thus, we cannot conclude it confers jurisdiction in this case.

Likewise, we conclude appellant's reliance on *State v. McKinney*, 803 S.W.2d 374 (Tex.App.—Houston [14th Dist.] 1990, no pet.), is misplaced. In that case, *the State*, not the defendant, appealed the county court's orders affirming the municipal court's order granting the defendant's motions to quash. *Id.* at 375. Thus, the court of appeals determined that article 44.01 of the code of criminal procedure, not article 4.03, governed its jurisdiction over the appeals. *Id.* at 376. Because the State is not appealing in this case, neither article 44.01 nor *McKinney* applies.

We dismiss the appeal for want of jurisdiction.