**Reversed and Remanded and Opinion filed October 19, 2017.**



In The

# Fourteenth Court of Appeals

## NO. 14-16-00153-CR

### BRENT JUSTICE, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1385768**

## O P I N I O N

"Crush" is a pornographic fetish that features the torture and killing of small animals, often at the hands of a woman clad in dominatrix gear. The animals are frequently stomped on—hence the name—but their torture can take any form, and it is usually prolonged and graphic, because the animals' suffering is what the fetishist pays to see.

Appellant and his codefendant, Ashley Richards, were arrested after an investigation by PETA determined that they were involved in the production and

distribution of crush videos. Their videos depicted the killing of all sorts of animals—crawfish, crabs, tilapia, chickens, rabbits, cats, even a puppy. Richards confessed to torturing these animals, and appellant confessed to filming her.

The State charged appellant with a single count of cruelty to a nonlivestock animal, based solely on the killing depicted in the puppy crush video. Appellant pleaded not guilty to that charge, and his case proceeded to a nonjury trial, where he represented himself.

Richards testified against appellant as part of a plea bargain. She said that appellant ran an escort business with a special division called "Bad Gurls Entertainment." The escorts in this division were expected to provide "services for certain fetishes such as foot, crush and domination," according to the handbook that appellant wrote for his business. Richards recruited escorts for appellant's business, and she agreed to act in his crush videos because killing animals was safer than prostitution.

Together, appellant and Richards crushed an animal as frequently as once every week. Most of their crushes were performed in private residences. Appellant filmed those performances and promoted the videos online. Occasionally, Richards would crush animals for a live audience at a motel. Appellant assisted there too, monitoring the motel from the outside.

Richards testified that the puppy crush video was made at the request of a client who wanted to see her chop off the legs of a puppy. Appellant encouraged Richards to make the video, and she assented. They went to a feed store and bought a puppy that had just been weaned. Then they went home and tortured it.

The video is extremely graphic. Richards restrains the puppy, stomps on it, and attacks it with a meat cleaver. When the puppy is still alive, Richards tries to

2

decapitate it with the meat cleaver, but her blade is too blunted for a beheading. Appellant gives her a knife, which she uses to open the puppy's throat and cut off its head.

Appellant argued at trial that he could not be guilty of cruelty because he did not personally torture or kill the puppy, but the State responded that he was liable as a party, and the judge convicted him. The judge entered a judgment of conviction for a third degree felony. The judge also made a deadly weapon finding. Based on two prior felony convictions for aggravated assault of a peace officer, the judge enhanced appellant's punishment and sentenced him to fifty years' imprisonment.

Now on appeal, appellant has appointed counsel, and counsel argues that the evidence is insufficient to support the conviction. Our standard of review is well-established. When reviewing the sufficiency of the evidence in appeals from both jury and nonjury trials, we examine all of the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Robinson v. State*, 466 S.W.3d 166, 172 (Tex. Crim. App. 2015).

The cruelty statute establishes three grades of offenses. If the criminal conduct is the neglect or abandonment of an animal, the offense is a Class A misdemeanor. *See* Tex. Penal Code § 42.092(c). If the criminal conduct is the torture or killing of an animal in a cruel manner, the offense is a state jail felony. *Id.* These degrees may be affected by proof of an aggravating element. If the State establishes that the defendant has two prior cruelty convictions, then an offense based on the neglect or abandonment of an animal is a state jail felony, and an offense based on the torture or killing of an animal in a cruel manner is a third degree felony. *Id.*

The judge here convicted appellant of a third degree felony. To support that conviction, the State was required to show (1) that appellant intentionally or

knowingly tortured the puppy or in a cruel manner killed or caused serious bodily injury to the puppy, and (2) that appellant has previously been convicted twice of animal cruelty.

The State concedes on appeal that the aggravating element was not proved. There is no evidence that appellant has previously been convicted twice of animal cruelty. Nevertheless, the State argues that every other element of the offense was proved, which would support a conviction for the lesser-included state jail felony. If the State is correct on this point, then the remedy is to reform the judgment to reflect a conviction for a state jail felony and remand for a new hearing on punishment only. *See Bowen v. State*, 374 S.W.3d 427, 432 (Tex. Crim. App. 2012).

Appellate counsel mostly repeats his client's argument at trial, which is that appellant cannot be guilty because he was not the principal of the offense. Counsel also suggests that the law of parties may not apply because it was not pleaded in the indictment and because the record is unclear as to whether the judge applied the law of parties to the predicate offense or to just the deadly weapon finding. These points lack merit. The State is not required to plead the law of parties in the indictment. *See Marable v. State*, 85 S.W.3d 287, 287–88 (Tex. Crim. App. 2002). And in a nonjury trial, where there is no charge, the judge is presumed to apply the law correctly. *See Coonradt v. State*, 846 S.W.2d 874, 876 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd). Accordingly, if the evidence is sufficient to support a conviction for a state jail felony under a party theory of liability, we need not consider whether the evidence is also sufficient to support a conviction under a principal theory of liability. *See Humaran v. State*, 478 S.W.3d 887, 896 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd).

Appellant is liable as a party if there is legally sufficient evidence that, while acting with the intent to promote or assist the commission of the offense, he solicited,

4

encouraged, directed, aided, or attempted to aid Richards in the commission of the offense. *See* Tex. Penal Code § 7.02(b).

There can be no doubt that Richards acted as a principal in the commission of the offense. She admitted to torturing and killing the puppy in a cruel manner, and her intentions were explicit. She said that in making the crush video, her purpose was "just to make the animal suffer." *See id.* § 42.092(a)(3) (defining "cruel manner" as including "a manner that causes or permits unjustified or unwarranted pain or suffering"); *id.* § 42.092(a)(8) (defining "torture" as including "any act that causes unjustifiable pain or suffering").

There is no shortage of evidence that appellant aided Richards in her cruelty. He admitted to filming the killing, and his own video shows that he handed Richards the knife that was used to decapitate the puppy. He plainly assisted Richards in torturing and killing the puppy in a cruel manner.

The evidence also supports a finding that his participation was intentional. Richards testified that a client requested a puppy crush video and that appellant encouraged her make it. Appellant stood to profit from the video. He peddled in the crush industry, selling all sorts of crush videos in the black markets of the Internet. He also ran an escort business, and he penned an employee handbook for his escorts saying that they may have to crush animals. Based on the collective force of this evidence, a reasonable fact finder would have no difficulty in determining that appellant is liable as a party. We therefore conclude that the evidence is legally sufficient to support a state jail felony conviction for cruelty to a nonlivestock animal.

In addition to his appointed counsel's brief, appellant has filed his own pro se brief, which raises several other points of error. When appointed counsel refused to

ratify those points and the State refused to respond to them, appellant moved to proceed in this appeal pro se.

We have the discretion to consider pro se filings in the interest of justice, notwithstanding the general rule that an appellant is not entitled to hybrid representation. *See Ex parte Dupuy*, 498 S.W.3d 220, 228–29 (Tex. App.—Houston [14th Dist.] 2016, no pet.). After reviewing appellant's pro se brief, we have determined that only one of his points is worthy of consideration. Appellant argues that the deadly weapon finding must be deleted because the knife in this case was used against a puppy, rather than a human. In appellant's view, a deadly weapon can only be used against a human. Appellant made this matter-of-law argument during his trial, where he represented himself, but the judge overruled him.

We invited the State and appointed counsel to address this argument in supplemental briefing because, shortly after the appeal was submitted, the Court of Criminal Appeals issued an opinion in support of appellant's position. In that opinion, *Prichard v. State*, the Court explained that the deadly weapon statute is ambiguous "because a reasonable person could read its terms as applying either to only humans or to all organisms that are capable of cessation of life." *See Prichard v. State*, No. PD-0712-16, — S.W.3d —, 2017 WL 2791524, at *3 (Tex. Crim. App. June 28, 2017). The Court then concluded that extra-textual factors weighed in favor of a conclusion that "the Legislature's intent was to limit deadly weapon findings for human victims only." *Id.* at *11. Thus, the Court held that "a deadly weapon finding is disallowed when the recipient or victim is nonhuman." *Id.* at *4.

The State filed a supplemental brief, conceding that the deadly weapon finding would need to be deleted in the wake of *Prichard*. However, the State implored this court to delay any action because a motion for rehearing had been filed in *Prichard* and the Court of Criminal Appeals had yet to rule on it.

One week after the State filed its supplemental brief in this case, the Court of Criminal Appeals denied rehearing in *Prichard*. Absent legislative reform, the issue is settled and we are obliged to follow *Prichard*.

We reform the judgment to reflect a conviction for a state jail felony, we delete the deadly weapon finding, and we remand the case for a new hearing on punishment only.


/s/    Tracy Christopher
       Justice


Panel consists of Justices Christopher, Brown, and Wise.
Publish — Tex. R. App. P. 47.2(b).