**Affirmed and Memorandum Opinion filed April 9, 2020.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-18-00462-CR

---

**BRENT JUSTICE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1385768**

---

### MEMORANDUM OPINION

In this pro se appeal from a conviction for cruelty to a non-livestock animal, appellant raises several issues, all of which pertain to the trial court's assessment of his punishment. For the reasons explained below, we overrule each of appellant's issues and affirm the trial court's judgment.

# BACKGROUND

This is our second time to review this case of animal cruelty. Because the procedural history is relevant to the issues presented in the current appeal, we begin with an overview of the earlier proceedings.

*The First Trial.* Appellant was arrested after an investigation determined that he and his codefendant were producing an extremely graphic brand of pornography that fetishizes the torture and killing of small animals. Though the investigation against appellant uncovered multiple instances of animal cruelty, involving multiple different animals, appellant was charged with just a single offense arising out of the torture and killing of a puppy.

Appellant pleaded not guilty to the charge, and his case proceeded to a bench trial, where he represented himself. The evidence against him was overwhelming. There was video proof that he and his codefendant tortured and killed the puppy with a knife.

The trial court found appellant guilty and entered a judgment of conviction for a third degree felony, which, at the time of trial, was the highest criminal penalty available under the animal cruelty statute. The trial court also made a deadly weapon finding. Based on two prior felony convictions for aggravated assault of a peace officer, the trial court enhanced appellant's punishment and sentenced him to fifty years' imprisonment.

*The First Appeal.* Appellant accepted legal counsel for purposes of appeal, where the main issue was whether the evidence was legally sufficient to support the conviction. Because a legal sufficiency challenge requires an appellate court to determine whether the prosecution proved the essential elements of the offense

2

beyond a reasonable doubt, we referred to the animal cruelty statute to identify what the essential elements actually were.

Upon our reading of the statute, we found that there were different grades of animal cruelty, and the elements depended on the grade. If the grade was a state jail felony, then the elements that the prosecution had to prove were that the defendant intentionally or knowingly tortured or killed an animal in a cruel manner. If the grade was a third degree felony, then the prosecution had to prove the same elements as required for a state jail felony, plus an aggravating element that the defendant had previously been convicted twice of animal cruelty. *See* Act effective Sept. 1, 2007, 80th Leg., R.S., ch. 886, § 2, 2007 Tex. Gen. Laws 2163, 2165 (amended 2017) (current version at Tex. Penal Code § 42.092).

We focused on the elements of the third degree felony because that was the grade reflected in the trial court's judgment of conviction. Even though the aggravating element is essential to the third degree felony, the parties wholly failed to address it in their appellate briefing. And based on our review of the trial transcript, the prosecution made no effort to even prove the aggravating element. We suspected that the prosecution had actually pursued a conviction for a state jail felony and that the trial court misapplied a different law by treating the deadly weapon finding as an element of a third degree felony, rather than, as the law correctly provides, an enhancement that simply enlarges the punishment range of a state jail felony to the punishment range of a third degree felony, without changing the grade of the adjudicated offense. *See* Tex. Penal Code § 12.35(c)(1).

As we grappled with these issues, the legal landscape changed. In *Prichard v. State*, 533 S.W.3d 315 (Tex. Crim. App. 2017), decided during the pendency of appellant's first appeal, the Court of Criminal Appeals held that a deadly weapon finding could not be obtained in a case where the victim of the offense was non-

human. Because appellant had asserted a trial objection along those lines, and because he (but not his appointed counsel) had filed a pro se brief raising the same issue on appeal, we invited the parties to file supplemental briefs addressing the application of *Prichard*, as well as whether the evidence was otherwise sufficient to support a conviction for a third degree felony, as opposed to a state jail felony.

The State responded that the deadly weapon finding would need to be deleted in the wake of *Prichard* because the victim of appellant's offense was a puppy and not a human. In one other point, which was not briefed at length, the State also conceded that there was no evidence that appellant had previously been convicted twice of animal cruelty, as required for the aggravating element of the third degree felony.

In light of the supplemental briefing, we deleted the deadly weapon finding pursuant to *Prichard*. We also held that the evidence was legally insufficient to support the conviction for the third degree felony because there was no evidence that appellant had previously been convicted twice of animal cruelty. However, because we determined that there was legally sufficient evidence to support a conviction for the state jail felony, which was a lesser-included offense, we reformed the conviction to the state jail felony and remanded for a new trial on punishment only. *See Justice v. State*, 532 S.W.3d 862, 866 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

***The Second Trial.*** Upon remand, appellant accepted the representation of new counsel, and counsel stipulated that the trial court could take judicial notice of all of the evidence that had been admitted at the previous trial. So rather than present any new evidence, the parties proceeded to argument, where they focused primarily on the applicable range of punishment.

The prosecution argued that, even though the conviction was reformed to a state jail felony, appellant could still be sentenced under the punishment range for a

4

second degree felony because of his two prior felony convictions for aggravated assault of a peace officer. This argument invoked the statute for enhanced penalties for repeat and habitual felony offenders. *See* Tex. Penal Code § 12.425(b).

The defense argued that the prosecution could not enhance appellant's punishment with the prior convictions, citing the constitutional protection against double jeopardy. The defense essentially asserted that appellant could only be sentenced within the range of a simple state jail felony.

The trial court agreed with the prosecution and, after finding the enhancement allegations to be true again, assessed punishment at twenty years' imprisonment, which was the statutory maximum. This appeal followed.

## DOUBLE JEOPARDY AND COLLATERAL ESTOPPEL

Unlike in his previous appeal, appellant has elected to completely forego legal counsel and represent himself in this current appeal. As we explain next, all of his pro se arguments are premised on a fundamental misunderstanding of legal terms and concepts.

Appellant begins his argument with *Ex parte Navarro*, 523 S.W.3d 777 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd). In that case, we held that when an appellate court determines that there is no evidence of an aggravating element, but the evidence is otherwise sufficient to support a lesser-included offense, the appellate court should reform the conviction to the lesser-included offense and remand for a new hearing on punishment only, unless there are other reversible errors, in which case the appellate court should remand for an entirely new trial on the lesser-included offense. We explained that the latter remedy would not run afoul of the prohibition against double jeopardy because the factfinder in the original trial had already determined that the elements of the lesser-included offense were proven

beyond a reasonable doubt, and because the prosecution in the second trial would be barred from relitigating the aggravating element.

Appellant then tries to apply *Navarro*, which has some bearing on his case insofar as we held in his first appeal that there was no evidence to support the aggravating element required for the third degree felony. Our remedy was different though: instead of remanding appellant's case for a whole new trial like we did in *Navarro*, we reformed his conviction to the lesser-included state jail felony and remanded for a new hearing on punishment only. Appellant nevertheless argues that the prosecution relitigated the aggravating element in his second punishment trial, in violation of *Navarro* and other related authorities.

Appellant's argument is based on a misunderstanding of the phrase "aggravating element," which he erroneously identifies in his brief as encompassing all three of the following questions of fact: (1) whether he had two previous convictions for animal cruelty under former Section 42.092(c), which was applicable at the time of his trial; (2) whether he used or exhibited a deadly weapon under Section 12.35(c); and (3) whether he was a repeat and habitual felony offender with two previous convictions for a felony other than a state jail felony under Section 12.425(b). Each of these facts worsens the commission of an offense, which a layperson might consider "aggravating." But from a legal standpoint, only the first fact is elemental under the animal cruelty statute, and that element is aggravating because it elevates a lower-grade offense to a higher-grade offense—in this case, a state jail felony to a third degree felony. *Cf. Black v. State*, 26 S.W.3d 895, 897 (Tex. Crim. App. 2000) (killing an individual under six years of age is an aggravating element because it elevates murder to capital murder).

When we only focus on the true aggravating element—i.e., whether appellant had two previous convictions for animal cruelty—the record establishes that there

was no jeopardy violation. Upon remand, the prosecution did not attempt to litigate the aggravating element. Indeed, the prosecution had no opportunity to do so: that elemental fact could only be tried during the guilt phase of a criminal proceeding, and we remanded for a new determination as to punishment only—not guilt and punishment.

The other two facts that appellant mislabeled as elements—i.e., whether he used or exhibited a deadly weapon, and whether he was a repeat and habitual felony offender—are just punishment issues. *See Oliva v. State*, 548 S.W.3d 518, 531 (Tex. Crim. App. 2018) (identifying the factors that distinguish punishment issues from elements). In accordance with our judgment and mandate, the prosecution did not relitigate the deadly weapon issue. However, the prosecution did relitigate whether appellant was a repeat and habitual felony offender by asking the trial court to enhance appellant's punishment under the authority of Section 12.425(b), which provides as follows:

> If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felonies other than a state jail felony punishable under Section 12.35(a), and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished for a felony of the second degree.

Appellant now argues that the prosecution was barred by double jeopardy and collateral estoppel from seeking an enhancement under this statute because the prosecution had already attempted a similar, but more severe, enhancement in the first trial. Continuing with that premise, appellant argues that if the prosecution cannot seek an enhancement, then there is no lesser-included offense at all, and he must be acquitted. Both arguments fail. "Double-jeopardy principles do not bar the State from proving [a defendant's] status as an habitual offender at a second

7

sentencing hearing." *Ex parte Miller*, 330 S.W.3d 610, 623 n.34 (Tex. Crim. App. 2009). And even if the prosecution had failed to meet its burden of proof as to the enhancement statute (which it did not), the remedy would not be an acquittal because the enhancement was a punishment issue, not an element, and we already explained in the first appeal that the evidence was legally sufficient to support every essential element of the lesser-included state jail felony.

In a related point, appellant contends that the aggravating element in former Section 42.092(c) is actually an enhancement issue, and because of its specificity, appellant believes that it should control over the more general enhancement provision in Section 12.425(b). Appellant did not object on this basis during the second punishment hearing, but even if he had, his argument fails on the merits because Section 42.092 sets forth an element of an offense, whereas Section 12.425(b) sets forth an enhancement issue. Accordingly, there is no conflict between the two provisions, and the prosecution's failure to establish the aggravating element in the first trial did not preclude the prosecution from seeking the enhancement in the second trial.

## PUNISHMENT ELECTION

In a supplemental brief, appellant complains that the trial court failed to conduct a hearing where he could elect to have his punishment assessed by a jury, instead of a judge. This complaint invokes Article 44.29(b) of the Texas Code of Criminal Procedure, which provides that when a case has been remanded by an appellate court for a new punishment hearing, the trial court must empanel a jury "if the defendant elects."

Appellant seems to suggest that the trial court was required to ask him affirmatively whether he wanted a jury for the second punishment trial, but he cites to no authority for such a proposition, and we are aware of none. In fact, a separate

8

statute assigns the responsibility of assessing punishment to the trial court by default. *See* Tex. Code Crim. Proc. art. 37.07(b). Appellant could have changed the default rule by filing an election before his punishment hearing was underway, but the record does not reveal that he ever attempted to do so. Moreover, appellant, through his counsel, implicitly waived the right for a jury trial when counsel stipulated that the trial court could take judicial notice of all of the evidence from the first trial.

We conclude that this election issue is without merit. *See Easton v. State*, 920 S.W.2d 747, 751 (Tex. App.—Houston [1st Dist.] 1996, no pet.) (concluding that the defendant had waived the right to have a jury assess his punishment upon remand where the defendant failed to make the election).

## INTERLOCUTORY APPEAL

In one final issue, appellant argues that, after the trial court overruled his jeopardy objection but before the trial court assessed his punishment, the trial court should have allowed appellant to bring an interlocutory appeal of the jeopardy ruling. This argument fails because appellant never requested to bring an interlocutory appeal. *See* Tex. R. App. P. 33.1. Nor did he raise his jeopardy objection through an application for writ of habeas corpus, which is the traditional vehicle by which an appellate court has jurisdiction to review a jeopardy issue before a final conviction. *See Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991) ("The courts of appeals do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law."); *Ex parte Robinson*, 641 S.W.2d 552, 555 (Tex. Crim. App. 1982) (exception for jeopardy claims pursued through pretrial habeas).

**CONCLUSION**

The trial court's judgment is affirmed.


/s/     Tracy Christopher
Justice


Panel consists of Justices Christopher, Wise, and Zimmerer.

Do Not Publish — Tex. R. App. P. 47.2(b).