

# NUMBER 13-20-00331-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

SANDRO BALADEZ,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.

## On appeal from the 24th District Court
## of Jackson County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Tijerina
### Memorandum Opinion by Justice Hinojosa

Appellant Sandro Baladez filed a pro se notice of appeal regarding the trial court's refusal to vacate appellant's judgment of conviction. By order signed on June 20, 2020, the trial court denied appellant's "Motion for Dismissal and Arrest of Void Judgment." The Clerk of this Court notified the appellant that, based upon our review of the filings, that

there was no final, appealable order. We requested correction of the defect within thirty days and notified appellant that the appeal would be subject to dismissal if the defect was not corrected. *See* TEX. R. APP. P. 37.1. In response, appellant asserted that the trial court denied him the right to appeal and requested that the Court enter a "voluntary dismissal" for the appeal.

Generally, a state appellate court only has jurisdiction to consider an appeal by a criminal defendant where there has been a final judgment of conviction. *Workman v. State*, 343 S.W.2d 446, 447 (1961); *Saliba v. State*, 45 S.W.3d 329 (Tex. App.—Dallas 2001, no pet.); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). Exceptions to the general rule include: (1) certain appeals while on deferred adjudication community supervision, *Kirk v. State*, 942 S.W.2d 624, 625 (Tex. Crim. App. 1997); (2) appeals from the denial of a motion to reduce bond, TEX. R. APP. P. 31.1; *McKown*, 915 S.W.2d at 161; and (3) certain appeals from the denial of habeas corpus relief, *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.--Dallas 1998, no pet.); *McKown*, 915 S.W.2d at 161.

Appellant has filed a pro se motion to dismiss this appeal. *See* TEX. R. APP. P .42.2(a) (allowing appellate courts to dismiss criminal appeals upon the appellant's motion before the appellate court's decision when the attorney and appellant both sign a written motion to dismiss); *Id.* R. 2 (allowing appellate courts "to suspend a rule's operation in a particular case and order a different procedure" in certain circumstances); *Conners v. State*, 966 S.W.2d 108, 110 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd) (dismissing an appeal where the motion to dismiss was signed by the appellant but was not signed by counsel because "we know of nothing, other than the wording of the rule itself, that

would prevent us from dismissing an appeal where that is the expressly stated desire of an appellant"); *see also Green v. State*, No. 13-14-00393-CR, 2014 WL 3796420, at *1 (Tex. App.—Corpus Christi–Edinburg July 31, 2014, no pet.) (mem. op. per curiam, not designated for publication) (dismissing a pro se appeal based upon a motion filed by appellant); *Flores v. State*, No. 07–08–0256–CR, 2008 WL 4180296, at *1 (Tex. App.— Amarillo Sept.12, 2008, no pet.) (mem. op., not designated for publication) (same); *Guerra v. State*, No. 04–02–00135–CR, 2002 WL 1973854, at *1 (Tex. App.—San Antonio Aug.28, 2002, no pet.) (mem. op. per curiam, not designated for publication) (same).

Accordingly, without passing on the merits of the case, we grant appellant's motion to dismiss and we dismiss the appeal. Having dismissed the appeal at appellant's request, no motion for rehearing will be entertained, and our mandate will issue forthwith.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
29th day of October, 2020.