

# NUMBER 13-20-00500-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOE ERNEST ROBINSON,                                          Appellant,

v.

THE STATE OF TEXAS,                                          Appellee.

## On appeal from the 24th District Court
## of Jackson County, Texas.



# NUMBER 13-20-00526-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Tijerina
### Memorandum Opinion by Justice Benavides

Joe Ernest Robinson, proceeding pro se, attempted to perfect an appeal from trial court cause number 19-1-10288 in the 24th District Court of Jackson County, Texas. We docketed his appeal in appellate cause number 13-20-00500-CR. Robinson subsequently filed a petition for writ of mandamus regarding that same trial court case which we docketed in our cause number 13-20-00526-CR. The appeal and the petition for writ of mandamus concern the same issues, and accordingly, we address both in this single opinion in the interests of judicial efficiency. We dismiss the appeal in cause number 13-20-00500-CR for lack of jurisdiction and we deny the petition for writ of mandamus in cause number 13-20-00526-CR.

## I. BACKGROUND

On November 2, 2020, Robinson filed a pro se notice of appeal. Robinson stated that he sought to appeal "his nunc pro tunc motion" regarding a deadly weapon finding. According to the judgment entered in this case, Robinson was convicted of the first-degree felony offense of engaging in organized criminal activity, to wit, the manufacture or delivery of a controlled substance in penalty group one. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.134(c). The judgment reflects that Robinson entered a plea bargain with the State and received an enhanced sentence of forty years of confinement in the Texas Department of Criminal Justice. The judgment does not include a deadly weapon finding. The trial court imposed Robinson's sentence on March 7, 2019.

On November 18, 2020, the Clerk of this Court notified Robinson that, based upon our review of the documents before the Court, there was no final, appealable order. We requested Robinson to correct this defect, if possible, and notified him that the appeal would be subject to dismissal if the defect was not corrected. *See* TEX. R. APP. P. 37.1. On December 2, 2020, Robinson responded to the Court's directive by filing a petition for writ of mandamus contending that the trial court abused its discretion by failing to (1) grant his nunc pro tunc motion, and (2) "order the [Texas Department of Criminal Justice] to drop the aggravated deadly weapon finding since there is no deadly weapon finding . . . ." The petition for writ of mandamus arises from the same trial court cause number, and appellant designated it with the cause number for his appeal.

## II. ROBINSON'S APPEAL IN 13-20-00500-CV

Generally, a state appellate court only has jurisdiction to consider an appeal by a criminal defendant where there has been a final judgment of conviction. *Workman v.*

*State*, 343 S.W.2d 446, 447 (1961); *Skillern v. State*, 355 S.W.3d 262, 266 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd); *Saliba v. State*, 45 S.W.3d 329, 329 (Tex. App.—Dallas 2001, no pet.); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). Exceptions to this general rule include: (1) certain appeals while on deferred adjudication community supervision, *Kirk v. State*, 942 S.W.2d 624, 625 (Tex. Crim. App. 1997); (2) appeals from the denial of a motion to reduce bond, Tex. R. App. P. 31.1; *McKown*, 915 S.W.2d at 161; and (3) certain appeals from the denial of habeas corpus relief, *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.); *McKown*, 915 S.W.2d at 161. *See generally Saliba*, 45 S.W.3d at 329; *Bridle v. State*, 16 S.W.3d 906, 908 n.1 (Tex. App.—Fort Worth 2000, no pet.).

Here, Robinson seeks "to appeal his nunc pro tunc motion." However, the documents before the Court fail to indicate a ruling on Robinson's motion or include any appealable order. *See Workman*, 343 S.W.2d at 447; *Skillern*, 355 S.W.3d at 266; *Saliba*, 45 S.W.3d at 329; *McKown*, 915 S.W.2d at 161.

Further, to the extent that Robinson may be seeking to appeal his final judgment of conviction, his appeal was untimely. A timely notice of appeal is necessary to invoke this Court's jurisdiction. *Smith v. State*, 559 S.W.3d 527, 531 (Tex. Crim. App. 2018); *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). In a criminal case, a defendant's notice of appeal is due within thirty days after the day sentence is imposed in open court, or ninety days after the sentence is imposed in open court if the defendant timely files a motion for new trial. *See* Tex. R. App. P. 26.2(a)(1),(2); *Smith*, 559 S.W.3d at 531. While a court of appeals may extend the time to file the notice of appeal, both the notice of appeal and the motion for

4

extension of time must be filed within fifteen days after the deadline for filing the notice of appeal. *See id.* R. 26.3. In the absence of a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *Castillo*, 369 S.W.3d at 198; *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Ex parte Matthews*, 452 S.W.3d 8, 11 (Tex. App.—San Antonio 2014, no pet.).

The trial court imposed sentence on March 7, 2019, and Robinson filed his pro se notice of appeal more than a year later on November 2, 2020, thus rendering any appeal from the judgment of conviction as untimely. *See* TEX. R. APP. P. 26.2(a)(1),(2); *Smith*, 559 S.W.3d at 531; *Castillo*, 369 S.W.3d at 198; *Olivo*, 918 S.W.2d at 522.

The Court, having examined and fully considered the notice of appeal, the judgment, and the applicable law, is of the opinion that we lack jurisdiction over the appeal. Appellant has not provided us with an appealable order and any appeal from the judgment is untimely. Accordingly, we dismiss the appeal for lack of jurisdiction.

### III. ROBINSON'S PETITION FOR WRIT OF MANDAMUS IN 13-20-00526-CR

By petition for writ of mandamus, Robinson contends that he has exhausted his appellate remedies and complains generally that his appeal should not be dismissed based on the trial court's erroneous action or failure to act. *See* TEX. R. APP. P. 44.4 (providing that a court of appeals must not affirm or reverse a judgment or dismiss an appeal if the trial court's erroneous action or refusal to act prevents the proper presentation of the case to the appellate court and the trial court can correct its action or failure to act). Robinson contends that the trial court had a ministerial duty to grant Robinson's nunc pro tunc motion.

5

To be entitled to mandamus relief, the relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a purely ministerial act not involving a discretionary or judicial decision. *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). It is the relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record" and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3.

In a case such as this one, a relator has the burden to provide the court of appeals with a record showing a motion was properly filed, the trial court was made aware of the motion, and the motion has not been ruled on by the trial court for an unreasonable period of time. *See In re Mendoza*, 131 S.W.3d 167, 167–68 (Tex. App.—San Antonio 2004, orig. proceeding). Here, Robinson provided this Court with a file-stamped copy of his pro se motion, but did not provide a copy of the trial court's docket or any proof indicating the trial court is aware of the pro se motion, or a record establishing that the pro se motion has awaited disposition for an unreasonable time. Because Robinson did not provide this

6

court with a sufficient record, he has not shown himself entitled to mandamus relief. Accordingly, we deny the petition for writ of mandamus and all relief sought therein. *See In re Harris*, 491 S.W.3d at 334; *In re McCann*, 422 S.W.3d at 704.

## IV. CONCLUSION

Because there is no appealable order and any appeal from the final judgment is untimely, we dismiss the appeal in cause number 13-20-00500-CR for lack of jurisdiction. Because Robinson has failed to meet his burden to obtain mandamus relief, we deny the petition for writ of mandamus in cause number 13-20-00526-CR.

GINA M. BENAVIDES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
7th day of December, 2020.

7