

# NUMBER 13-20-00352-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**LESSLIE TRENELLE LAMAR
A/K/A LESSLIE LAMAR,**                                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                      **Appellee.**

## On appeal from the 24th District Court
## of Victoria County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Hinojosa and Tijerina
Memorandum Opinion by Justice Hinojosa**

Appellant Lesslie Trenelle Lamar a/k/a Lesslie Lamar filed a notice of appeal from an order issued in trial court cause number 19-05-31530A in the 24th District Court of Victoria County, Texas. The June 18, 2020 order subject to appeal denies appellant's motion to recuse the Honorable Eli Garza. On August 11, 2020, and again on November

25, 2020, the Clerk of this Court notified appellant that, based upon our review of the filings, there was no final, appealable order. We requested appellant to correct this defect, if possible, and notified appellant that the appeal would be subject to dismissal if the defect was not corrected. *See* TEX. R. APP. P. 37.1. Appellant did not correct the defect or otherwise respond to the Court's directives.

Generally, a state appellate court only has jurisdiction to consider an appeal by a criminal defendant where there has been a final judgment of conviction. *Workman v. State*, 343 S.W.2d 446, 447 (1961); *Skillern v. State*, 355 S.W.3d 262, 266 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd); *Saliba v. State*, 45 S.W.3d 329, 329 (Tex. App.—Dallas 2001, no pet.); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). Exceptions to this general rule include: (1) certain appeals while on deferred adjudication community supervision, *Kirk v. State*, 942 S.W.2d 624, 625 (Tex. Crim. App. 1997); (2) appeals from the denial of a motion to reduce bond, TEX. R. APP. P. 31.1; *McKown*, 915 S.W.2d at 161; and (3) certain appeals from the denial of habeas corpus relief, *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.); *McKown*, 915 S.W.2d at 161. *See generally Saliba*, 45 S.W.3d at 329; *Bridle v. State*, 16 S.W.3d 906, 908 n.1 (Tex. App.—Fort Worth 2000, no pet.). As applicable to this case, an order denying a motion to recuse may be reviewed only on appeal from the final judgment. *See Green v. State*, 374 S.W.3d 434, 445 (Tex. Crim. App. 2012); *see also De Leon v. Aguilar*, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004) ("The procedures for recusal of judges set out in Rule 18a of the Texas Rules of Civil Procedure apply in criminal cases.").

The Court, having examined and fully considered the notice of appeal, the record, and the applicable law, is of the opinion that we lack jurisdiction over the appeal.

2

Accordingly, we deny appellant's motion for extension of time to file his brief and we dismiss this appeal for lack of jurisdiction.

LETICIA HINOJOSA
Justice

Do not publish.
Tᴇx. R. Aᴘᴘ. P. 47.2(b).

Delivered and filed on the
4th day of February, 2021.