

# NUMBER 13-21-00030-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**DARREL CLAY GREENWOOD,**                                                      **Appellant,**

**v.**

**STATE OF TEXAS,**                                                      **Appellee.**

---

### On appeal from the County Court at Law No. 1
### of Victoria County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina
Memorandum Opinion by Justice Longoria**

Appellant Darrel Clay Greenwood, proceeding pro se, filed a pleading which we construe as a notice of appeal from trial court cause number 1-115007 in the County Court at Law No. 1 of Victoria County, Texas. In this pleading, appellant stated that he seeks "a judicial review" on his case. According to the case summary, appellant has been charged with assault involving family violence, is represented by court-appointed counsel,

and has not yet been convicted. *See* TEX. CODE CRIM. PROC. ANN. § 22.01(a)(1) (stating that the offense of assault occurs if the person "intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse").

On January 22, 2021, the Clerk of this Court notified appellant that, based upon our review of his pleadings, there was no final, appealable order. We requested appellant to correct this defect, if possible, and notified appellant that the appeal would be subject to dismissal if the defect were not corrected. *See* TEX. R. APP. P. 37.1. Appellant did not correct the defect or otherwise respond to the Court's directive.

Generally, a state appellate court only has jurisdiction to consider an appeal by a criminal defendant where there has been a final judgment of conviction. *Workman v. State*, 343 S.W.2d 446, 447 (1961); *Skillern v. State*, 355 S.W.3d 262, 266 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd); *Saliba v. State*, 45 S.W.3d 329, 329 (Tex. App.—Dallas 2001, no pet.); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). Exceptions to this general rule include: (1) certain appeals while on deferred adjudication community supervision, *Kirk v. State*, 942 S.W.2d 624, 625 (Tex. Crim. App. 1997); (2) appeals from the denial of a motion to reduce bond, TEX. R. APP. P. 31.1; *McKown*, 915 S.W.2d at 161; and (3) certain appeals from the denial of habeas corpus relief, *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.); *McKown*, 915 S.W.2d at 161. *See generally Saliba*, 45 S.W.3d at 329; *Bridle v. State*, 16 S.W.3d 906, 908 n.1 (Tex. App.—Fort Worth 2000, no pet.).

The Court, having examined and fully considered the notice of appeal and the applicable law, is of the opinion that there is not an appealable order, and we lack

2

jurisdiction over the appeal. Accordingly, we dismiss this appeal for lack of jurisdiction.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
3rd day of June, 2021.