

# NUMBER 13-21-00127-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JUAN LOPEZ JR.,                                                                      Appellant,

v.

THE STATE OF TEXAS,                                                                  Appellee.

## On appeal from the 148th District Court
## of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Justices Longoria, Hinojosa, and Tijerina**
**Memorandum Opinion by Justice Hinojosa**

Appellant Juan Lopez Jr. attempted to appeal an order signed on April 7, 2021, in trial court cause number CR-07002140-E(1) in the 148th District Court of Nueces County, Texas. The order withdraws the trial court's "Findings of Fact, Conclusions of Law, Recommendation & Order," as "improvidently" and "inadvertently" signed on grounds that the trial judge "had participated in the original prosecution of the case." We note that the

trial judge has recused himself and further proceedings in the case will be handled by an assigned judge.

On May 5, 2021, the Clerk of this Court notified appellant that it appeared that the order he was attempting to appeal was not a final, appealable order. The Clerk requested appellant to correct this defect, if possible, and notified appellant that the appeal would be subject to dismissal if the defect were not corrected. *See* TEX. R. APP. P. 37.1. Appellant did not correct the defect or otherwise respond to the Clerk's directive.

Generally, a state appellate court only has jurisdiction to consider an appeal by a criminal defendant where there has been a final judgment of conviction. *Workman v. State*, 343 S.W.2d 446, 447 (1961); *Skillern v. State*, 355 S.W.3d 262, 266 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd); *Saliba v. State*, 45 S.W.3d 329, 329 (Tex. App.—Dallas 2001, no pet.); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). Exceptions to this general rule include: (1) certain appeals while on deferred adjudication community supervision, *Kirk v. State*, 942 S.W.2d 624, 625 (Tex. Crim. App. 1997); (2) appeals from the denial of a motion to reduce bond, TEX. R. APP. P. 31.1; *McKown*, 915 S.W.2d at 161; and (3) certain appeals from the denial of habeas corpus relief, *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.); *McKown*, 915 S.W.2d at 161. *See generally Saliba*, 45 S.W.3d at 329; *Bridle v. State*, 16 S.W.3d 906, 908 n.1 (Tex. App.—Fort Worth 2000, no pet.).

The Court, having examined and fully considered the notice of appeal and the applicable law, is of the opinion that we lack jurisdiction over the appeal. Accordingly, we dismiss this appeal for lack of jurisdiction.

LETICIA HINOJOSA
Justice

Do not publish.
Tex. R. App. P. 47.2 (b).

Delivered and filed on the
22nd day of July, 2021.