

# NUMBER 13-22-00094-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE RAYMOND LIGHTS

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Longoria, Hinojosa, and Silva
### Memorandum Opinion by Justice Hinojosa[1]

Raymond Lights, proceeding pro se, has filed pleadings with our Court requesting that we order the district clerk to file his notice of appeal. According to the pleadings and their attachments, it appears that Lights is attempting to appeal an "Order on Agreed Finding of Incompetency," however, the district clerk returned the notice of appeal to

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

Lights, rather than filing it, on grounds that the order was not subject to appeal.[2] Given that this matter does not appear to involve a final, appealable judgment, we liberally construe Lights's pleadings as a petition for writ of mandamus. *See* TEX. R. APP. P. 25.2(a)(2) (discussing a criminal defendant's right to appeal); *Canada v. State*, 547 S.W.3d 4, 10 (Tex. App.—Austin 2017, no pet.) (stating that appellate courts liberally construe pro se pleadings although pro se litigants must still follow the applicable rules and laws).

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

---

[2] Article 44.02 of the Texas Code of Criminal Procedure provides, in relevant part, that "[a] defendant in any criminal action has the right of appeal under the rules hereinafter prescribed . . .."). TEX. CODE CRIM. PROC. ANN. Art. 44.02; *see* TEX. R. APP. P. 25.2(a)(2) ("A defendant in a criminal case has the right of appeal under Code of Criminal Procedure article 44.02 and these rules."); *see also State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011) ("[I]n Texas, appeals by either the State or the defendant in a criminal case are permitted only when they are specifically authorized by statute."). With certain exceptions that are not relevant here, a state appellate court only has jurisdiction to consider an appeal by a criminal defendant where there has been a final judgment of conviction. *See Workman v. State*, 343 S.W.2d 446, 447 (Tex. Crim. App. 1961); *Skillern v. State*, 355 S.W.3d 262, 266–67 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd); *Saliba v. State*, 45 S.W.3d 329, 329–30 (Tex. App.—Dallas 2001, no pet.); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.); *see also Lopez v. State*, No. 13-21-00127-CR, 2021 WL 3085766, at *1 (Tex. App.—Corpus Christi–Edinburg July 22, 2021, no pet.) (mem. op., not designated for publication). We have not found any rule or statutory provision that would authorize an appeal from the order at issue in this matter.

It is the relator's burden to properly request and show entitlement to mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210; *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts and a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record. *See generally* TEX. R. APP. P. 52.3 (governing the form and contents for a petition). Further, the relator must file an appendix and record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

Article V, Section 6 of the Texas Constitution delineates the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, § 6(a). This Court's original jurisdiction is governed by § 22.221 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221; *see also In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding). In pertinent part, this section provides that we may issue writs of mandamus against certain judges within our district and "mandamus and all other writs necessary to enforce the jurisdiction of the court." TEX. GOV'T CODE ANN. § 22.221(a); *see id*. § 22.221(b). This Court does not have jurisdiction to issue a writ of mandamus against a district clerk unless it is necessary to enforce our jurisdiction. *See*

3

*In re Smith*, 263 S.W.3d 93, 95–96 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (per curiam).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that Lights has not met his burden to obtain relief. First, the petition for writ of mandamus fails to meet the requirements of the appellate rules. *See generally* TEX. R. APP. P. 52.7(a), 52.3. Second, Lights has not shown that the issuance of a writ of mandamus is necessary to enforce our jurisdiction over an appeal. *See In re Smith*, 263 S.W.3d at 95–96; *In re Washington*, 7 S.W.3d at 182. Accordingly, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
10th day of March, 2022.

4