

# NUMBER 13-22-00301-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

RENE LIVAS,                                                                    Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.

## On appeal from the 347th District Court
## of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Silva**
**Memorandum Opinion by Justice Hinojosa**

Appellant Rene Livas, proceeding pro se, filed a "Motion [t]o Appeal for Defendant Property" regarding the return of his vehicle, a 2007 Tahoe, and $3,809.00 in cash, which were apparently seized as contraband in trial court cause number 21FC-6162-H in the 347th District Court of Nueces County, Texas. We construed this pleading as a notice of appeal. *See Harkcom v. State*, 484 S.W.3d 432, 434 (Tex. Crim. App. 2016) (stating that

a notice of appeal "is sufficient if it shows the party's desire to appeal from the judgment or other appealable order"). On June 30, 2022, the Clerk of this Court notified appellant's appointed counsel[1] that it appeared that there was no final, appealable order. The Clerk requested appellant to correct this defect, if possible, and notified appellant that the appeal would be subject to dismissal if the defect was not corrected. *See* TEX. R. APP. P. 37.1. Appellant did not correct the defect or otherwise respond to the Clerk's directives.

Generally, a state appellate court only has jurisdiction to consider an appeal by a criminal defendant where there has been a final judgment of conviction. *Workman v. State*, 343 S.W.2d 446, 447 (1961); *Skillern v. State*, 355 S.W.3d 262, 266 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd); *Saliba v. State*, 45 S.W.3d 329, 329 (Tex. App.—Dallas 2001, no pet.); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). Exceptions to this general rule include: (1) certain appeals while on deferred adjudication community supervision, *Kirk v. State*, 942 S.W.2d 624, 625 (Tex. Crim. App. 1997); (2) appeals from the denial of a motion to reduce bond, TEX. R. APP. P. 31.1; *McKown*, 915 S.W.2d at 161; and (3) certain appeals from the denial of habeas corpus relief, *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.); *McKown*, 915 S.W.2d at 161. *See generally Saliba*, 45 S.W.3d at 329; *Bridle v. State*, 16 S.W.3d 906, 907–08 n.1 (Tex. App.—Fort Worth 2000, no pet.).

---

[1] Generally, a defendant in a criminal law matter is not entitled to hybrid representation. *See Tracy v. State*, 597 S.W.3d 502, 509 (Tex. Crim. App. 2020); *Ex parte Taylor*, 36 S.W.3d 883, 887 (Tex. Crim. App. 2001) (orig. proceeding) (en banc) (per curiam); *Justice v. State*, 532 S.W.3d 862, 866 (Tex. App.—Houston [14th Dist.] 2017, no pet.). Given our disposition of this appeal, we need not address the application of this doctrine here.

The Court, having examined and fully considered the notice of appeal, related documents, and the applicable law, is of the opinion that we lack jurisdiction over the appeal. *See Workman*, 343 S.W.2d at 447; *Skillern*, 355 S.W.3d at 266; *Saliba*, 45 S.W.3d at 329. Accordingly, we dismiss this appeal for lack of jurisdiction.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
11th day of August, 2022.

3