

# NUMBER 13-22-00234-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## EX PARTE ESTEBAN CANTU

**On appeal from the 92nd District Court
of Hidalgo County, Texas.**

## MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Silva
Memorandum Opinion by Justice Benavides**

Appellant Esteban Cantu, proceeding pro se, attempted to file a notice of appeal regarding an order denying a pretrial petition for writ of habeas corpus in trial court cause number C-1636-22-A in the 92nd District Court of Hidalgo County, Texas. According to the documents provided to this Court by the district clerk, however, the trial court had not yet signed a final, appealable order in this matter.

On May 24, 2022, the Clerk of this Court notified appellant's retained counsel[1] that it appeared that there was no final, appealable order. We requested appellant to correct this defect, if possible, and notified appellant that the appeal would be subject to dismissal if the defect was not corrected. *See* TEX. R. APP. P. 37.1. Appellant did not correct the defect or otherwise respond to the Court's directives.

Generally, a state appellate court only has jurisdiction to consider an appeal by a criminal defendant where there has been a final judgment of conviction. *Workman v. State*, 343 S.W.2d 446, 447 (1961); *Skillern v. State*, 355 S.W.3d 262, 266 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd); *Saliba v. State*, 45 S.W.3d 329, 329 (Tex. App.—Dallas 2001, no pet.); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). Exceptions to this general rule include: (1) certain appeals while on deferred adjudication community supervision, *Kirk v. State*, 942 S.W.2d 624, 625 (Tex. Crim. App. 1997); (2) appeals from the denial of a motion to reduce bond, TEX. R. APP. P. 31.1; *McKown*, 915 S.W.2d at 161; and (3) certain appeals from the denial of habeas corpus relief, *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.); *McKown*, 915 S.W.2d at 161. *See generally Saliba*, 45 S.W.3d at 329; *Bridle v. State*, 16 S.W.3d 906, 907–08 n.1 (Tex. App.—Fort Worth 2000, no pet.).

The Court, having examined and fully considered the notice of appeal, related documents, and the applicable law, is of the opinion that we lack jurisdiction over the

---

[1] Generally, a defendant in a criminal law matter is not entitled to hybrid representation. *See Tracy v. State*, 597 S.W.3d 502, 509 (Tex. Crim. App. 2020); *Ex parte Taylor*, 36 S.W.3d 883, 887 (Tex. Crim. App. 2001) (orig. proceeding) (en banc) (per curiam); *Justice v. State*, 532 S.W.3d 862, 866 (Tex. App.—Houston [14th Dist.] 2017, no pet.). Given our disposition of this appeal, we need not address the application of this doctrine here.

appeal. *See Workman*, 343 S.W.2d at 447; *Skillern*, 355 S.W.3d at 266; *Saliba*, 45 S.W.3d at 329. Accordingly, we dismiss this appeal for lack of jurisdiction.

GINA M. BENAVIDES
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
11th day of August, 2022.